**UNITED STATES of America**

v.

**Troy WEST–BEY, Defendant.**

**No. CIV. S–00–494.**

United States District Court,
D. Maryland.

Jan. 2, 2002.

Thomas M. DiBiagio, Esquire, United States Attorney, Robert R. Harding, Esquire, Assistant United States Attorney, for the United States of America.

Neil I. Jacobs, Esquire, of Rockville, Maryland, for defendant.

## MEMORANDUM AND ORDER

GAUVEY, United States Magistrate Judge.

By order dated September 7, 2001, this case was referred to the undersigned for the purpose of conducting an evidentiary hearing following the remand of this 28 U.S.C. § 2255 case. (Paper No. 194). Currently pending before the Court is the government's Motion for an Order Allowing Psychiatric Examination of Troy West–Bey. (Paper No. 188). Defendant has filed an opposition in response, (Paper No. 191), to which the government has replied. (Paper No. 192).

The matter is fully briefed and ripe for decision. No hearing is necessary. Local Rule 105.6. Having considered the parties' submissions, the undersigned grants the government's motion for an order permitting a psychiatric review of defendant, and sets forth the parameters for the upcoming evidentiary hearing.

### I. *Background*

On October 7, 1997, Troy West–Bey pled guilty to one count of conspiracy to distribute cocaine. *United States v. West–Bey,* Criminal Case No. S–97–0175 (D.Md.1997). On January 7, 1998, Mr. West–Bey moved to withdraw his guilty plea, arguing *inter alia,* that "my understanding at the time of signing and entering my present plea agreement was impaired due to my 'mental illness;' (Manic Depression and Schizo–Affective Disorder)." (Paper No. 195 at 3).

On January 29, 1998, this Court denied the motion, stating that the Court had "found, based on the representations of counsel and Mr. West–Bey's demeanor and responses during the Rule 11 colloquy, that Mr. West–Bey was competent to plead." (Paper No. 100 at 2). However,

on September 17, 1998, pursuant to 18 U.S.C. § 4244(b) the Court found that "there is a reasonable question as to whether the defendant, who had recently been found guilty of an offense, may be presently suffering from a mental disease ... [for which he is] in need of custody for care or treatment ..." and ordered a psychiatric or psychological examination and a report addressing the issues set out in 18 U.S.C. § 4247(c)(1)-(3), (4)(D). (Paper No. 141 at 1).[1] On examination, he was found competent for sentencing purposes or otherwise being a defendant in a criminal case, albeit suffering from some mental disturbance. (Paper No. 166 at 2). Accordingly, plaintiff was sentenced.

On February 23, 2000, Mr. West–Bey moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that, *inter alia,* the court erroneously accepted the defendant's guilty plea and he suffered from ineffective assistance of counsel. (Paper No. 163 at 4–5). The Honorable Frederic N. Smalkin denied the motion. (Paper No. 167). First, he found that the Court had not erroneously accepted defendant's guilty plea, as "the colloquy fully complied with all the requirements" of Rule 11 of the Federal Rules of Criminal Procedure and defendant did not lack the competency to plead guilty. (Paper No. 166 at 1–2). Second, he found that defendant's counsel was not required to request a psychiatric examination prior to the plea, as the attorney had already adequately developed the record on the matter, which clearly demonstrated that Mr. West–Bey was competent to enter a guilty plea. (*Id.* at 3).

Defendant appealed this denial of his § 2255 motion. The Fourth Circuit, in an unpublished *per curiam* opinion, held that the record was not sufficiently developed

---

**1.** On June 10, 1998, the Honorable Frederic N. Smalkin had issued a similar order, which due to clerical error had not been carried out. (Paper No. 134 at 1).

to evaluate Mr. West–Bey's claim of ineffective assistance of counsel because his attorney failed to move for a competency hearing prior to entry of his guilty plea and instead informed the Court that he was competent to plead guilty. *United States v. West–Bey,* 2 Fed.Appx. 339, 340 (4th Cir. Jan. 25, 2001). The appellate court explained:

> At the plea proceeding, West–Bey (1) admitted that he had past mental health and substance abuse problems[,] (2) claimed that his psychiatric medications had recently been changed to add two new drugs that had the potential to affect his central nervous system, and (3) claimed he had taken this new cocktail of drugs the evening before the morning that he entered his plea. The record is devoid of specific evidence of his attorney's investigation into his client's condition at the plea hearing.

> We are similarly unable to determine from the present record whether West–Bey suffered prejudice from this alleged deficient representation. Once West–Bey admitted to his history of mental disease and his previous use of psychiatric drugs, he was questioned only in a general manner regarding how he felt, to which he replied, "Okay." There was no further examination into how recently his medications had been changed, the reason for the change in his treatment, and whether his prior communications with his attorney during which he assisted in his defense occurred prior to his change in treatment. There was no testimony about the effects the combination of drugs prescribed for West–Bey would have upon his ability to reason and to understand the nature of the proceedings.

*Id.* at 340–41. Citing *United States v. Damon,* 191 F.3d 561, 564 (4th Cir.1999), the appellate court held that "the record before this court lacks sufficient information

to evaluate his claim." *Id.* The Fourth Circuit also noted that it was

> [e]qually unclear from the record before this court . . . whether the mental health professionals at FCI Butner found that West–Bey was competent when he arrived at that facility or whether they found him incompetent and were able to restore his competency for sentencing. Further, even assuming that West–Bey was competent at the time he arrived at FCI Butner, the record does not reflect his mental state when he was being treated with the medications that he was taking at the time of his plea hearing.

*Id.* Concluding that it "[l]ack[ed] a proper foundation by which to evaluate this portion of West–Bey's appeal," the appellate court vacated the Court's dismissal of "this claim" and remanded the case "for further consideration, including an evidentiary hearing, if appropriate, of whether West–Bey was deprived of the effective assistance of counsel prior to entry of his plea and at the [Rule] 11 colloquy and whether such error, if it occurred, prejudiced him." *Id.* at 3–4. Thereafter, the case was referred to the undersigned to conduct an evidentiary hearing. (Paper No. 194).

In preparation for the evidentiary hearing, the government filed a motion requesting the Court to permit its expert, John R. Lion, M.D., to conduct a psychiatric examination of defendant. (Paper No. 188). The government intends to offer Dr. Lion's testimony "on the issue of West–Bey's competency to enter a plea . . . and the possible effect of medications." (*Id.* at 1). In its motion, the government contends that "professional standards" require that a doctor examine Mr. West–Bey before issuing an opinion, attaching a letter from Dr. Lion, which states that "[i]n such cases of competency, a routine examination is usually conducted to assess the defendant's recollection of his behavior and

the alleged effects of medications which he was taking." (*Id.*, exhibit 1).

Mr. West–Bey opposed this motion on the ground that an examination today by a psychiatrist would be too speculative to determine his competency four years ago, and "the ultimate issue for the Court ... is not whether or not Mr. West–Bey was competent at the time of his guilty plea (by some degree of certainty ...), but whether the medications Mr. West–Bey was taking, *could have rendered him competent* to enter the guilty plea." (Paper No. 191 at 3) (emphasis in original). In its reply, the government does not specifically address the difficulties in making a retrospective determination of competency. (Paper No. 192). Instead, the government argues that its expert should be permitted to examine defendant because his mental condition at the time he pled guilty is relevant to whether his attorney failed to provide effective assistance of counsel and whether he was prejudiced. (*Id.* at 1). For the reasons stated below, the Court agrees with the government.

## II. *Analysis*

### A. Issues on Remand

In deciding whether to permit a psychiatrist to examine the defendant, it is necessary to determine what the Fourth Circuit has requested occur on the remand of this case. Evidently the parties disagree as to the specific issues on remand. Although the defendant raised a number of issues in his § 2255 motion, such as alleging a Due Process Clause violation in the trial judge's acceptance of his guilty plea, the only issue on remand is the potential violation of his Sixth Amendment right to effective assistance of counsel. As discussed above, the Fourth Circuit remanded this case "for further consideration, including an evidentiary hearing, if appropriate, of whether Mr. West–Bey was deprived of the effective assistance of counsel ... and whether

such error, if it occurred, prejudiced him." *West–Bey,* at 341.

Such a challenge to the validity of a guilty plea, based on a claim of ineffective assistance of counsel, requires Mr. West–Bey to satisfy a two-prong test. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "Applying [this test] to the facts of individual cases, however, practically always requires judicial submersion into the circumstances in which decisions were made and, more particularly, a detailed analysis of how a defendant's lawyers prepared and presented his defense." *Hooper v. Garraghty,* 845 F.2d 471, 474 (4th Cir.1988). First, Mr. West–Bey must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 694, 104 S.Ct. 2052 (stating that defendant must show counsel's performance was deficient). The Fourth Circuit expressly seeks evidence on "the attorney's investigation into his client's condition at the plea hearing" and "whether his prior communications with his attorney during which he assisted in his defense occurred prior to his change in treatment." *West–Bey,* at 340–41. Under this prong, the defendant must show that counsel committed such egregious errors (by omission or commission) that he failed to function as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 688, 104 S.Ct. 2052; *see also Galowski v. Berge,* 78 F.3d 1176 (7th Cir.1996), *cert. denied,* 519 U.S. 878, 117 S.Ct. 202, 136 L.Ed.2d 138 (1996) (claim of ineffective assistance of counsel for failing to request a competency hearing); *McLaughlin v. Royster,* 346 F.Supp. 297 (E.D.Va.1972) (claim of ineffective assistance of counsel in failing to investigate client's mental state and to insist on a competency hearing).

Second, Mr. West–Bey must demonstrate that counsel's deficient representa-

tion prejudiced his defense. *Strickland*, 466 at 694, 104 S.Ct. 2052. This requires defendant to show that counsel's errors resulted in a proceeding that was "fundamentally unfair or unreliable." *Id.* at 692, 104 S.Ct. 2052; *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). This second prong of the *Strickland* analysis necessarily examines the likelihood of a finding of incompetency. For example, if the court found counsel's level of representation to be lacking, a constitutional deprivation would only be found if effective representation would have resulted in some likelihood that a trial judge would have found "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him to assist properly in his defense" under 18 U.S.C. § 4241 and further the likelihood that a trial judge would have found defendant incompetent. Obviously, the defendant does not have to conclusively prove his incompetency on October 7, 1997, to make out an ineffective assistance of counsel violation, just as a defendant alleging a *Strickland* violation in a trial situation does not have to conclusively prove that he would have been found not guilty, but for trial counsel's constitutionally defective representation. Rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The *Strickland* Court went on to define a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. "In other words [here], in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would [have been found incompetent.]" *Hill*, 474 U.S. at 59, 106 S.Ct. 366 (discussing a somewhat analogous situation where the alleged error of counsel was a failure to advise the defendant of a potential affirmative defense and finding that the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial); *see also Galowski v. Berge*, 78 F.3d 1176, 1181 (7th Cir.1996), *cert. denied*, 519 U.S. 878, 117 S.Ct. 202, 136 L.Ed.2d 138 (1996) ("A habeas petitioner must first present substantial facts to support allegations that he was not competent to stand trial [before a retrospective competency hearing is required.] Substantial facts are facts sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningful participate and cooperate with counsel during the trial.")

It is clear from the Fourth Circuit opinion that the Court is interested in adducing evidence on more than just the reasons for his change of medication, and the properties and effects of the medications that Mr. West–Bey was taking during the guilty plea hearing, or indeed prior to the guilty plea when assisting his counsel with his defense. The appellate court, specifically identified as relevant his medical record at FCI Butner when sent for evaluation after entry of his guilty plea, including any opinion on competency and evidence on his mental state at the time of the guilty plea hearing. *West–Bey*, at 340–41. Accordingly, the government's motion for a psychiatric examination must be viewed in light of the direction of the Fourth Circuit and of governing law.

## B. Motion for Psychiatric Examination

In its motion, the government stated its intent to have Dr. Lion testify "on the issue of West–Bey's competency to enter a

plea ... and the possible effect of medications." (Paper No. 188 at 1). Mr. West–Bey views the evidentiary issues on prejudice to be limited to the *Damon*, 191 F.3d 561, inquiry on medications.

> The issue before the Court concerning Mr. West–Bey's competency at the time of his plea was recently and directly addressed by the Fourth Circuit in the case of *United States v. Damon*, 191 F.3d 561 (4th Cir.1999)[2] .... Thus, the ultimate issue for the Court to determine is not whether or not Mr. West–Bey was competent at the time of his guilty plea (by some degree of certainty, i.e.: preponderance, clear and convincing or beyond a reasonable doubt), but whether the medications Mr. West–Bey was taking, *could have rendered him incompetent* to enter the guilty plea.

(Paper No. 191 at 2–3) (footnote added) (emphasis in original). The government counters that

> central to this determination [of ineffective assistance of counsel] is whether there was any reason for [defense counsel] Gioia to think his client was incapable of assisting in his defense, *i.e.*, incompetent. Mr. West–Bey's mental condition at the time of his plea is clearly relevant to this Court's determination.

(Paper No. 192 at 2).

*Damon* does not provide a precise roadmap for this case. In *Damon* the appellate court had found a violation of Rule 11. *Damon*, 191 F.3d at 564. Thus, the case was remanded to determine whether the Court's error of insufficient inquiry was harmless. *Id.* at 565–66 ("Although the district court erred by failing to conduct any further inquiry into Damon's mental state as a result of medication, that error may be harmless.") As summarized by the Court:

> In short, this will require the district court on remand to determine whether the medication Damon took, based on the objective data about its nature and effect, had the capability to produce a sufficient effect on his mental faculties to render him incompetent to enter a guilty plea.

*Id.* at 565.

In its opinion in this case, however, the appellate court clearly did not limit the inquiry to Mr. West–Bey's medications, their nature and effect and their capability to produce a sufficient effect on his mental faculties to render him incompetent to enter a guilty plea. The opinion anticipates a more comprehensive inquiry on remand. The Court unmistakably directs inquiry into Mr. West–Bey's mental state:

> Equally unclear from the record before this Court is whether the mental health professionals at FCI Butner found that West–Bey was competent when he arrived at that facility or whether they found him incompetent and were able to restore his competency for sentencing. Further, even assuming that West–Bey was competent at the time he arrived at FCI Butner, the record does not reflect his mental state when he was being treated with the medications that he was taking at the time of his plea hearing.

*West–Bey*, at 341.[3] While the appellate court does not suggest, much less direct,

---

**2.** The Fourth Circuit's January 25, 2001, opinion remanding this matter to the District Court, specifically stated: "Thus, the record before this court lacks sufficient information to evaluate his claim. *See, e.g., United States v. Damon.*" *West–Bey*, at 341.

**3.** Earlier in the opinion the Court suggested concern about his mental state prior to the plea hearing. "There was no further examination into ... whether his prior communications with his attorney during which he assisted in his defense occurred prior to his change in treatment." *West–Bey*, at 340–41. Indeed, the Court specifically remanded the case to determine whether there was "effective assistance of counsel prior to entry of his plea and at the Fed.R.Crim.P. 11 colloquy and whether

psychiatric examination to determine competency some four years ago, neither does governing law nor mental health authorities prohibit such an examination.

In addition, the defendant contends that "[since] Mr. West–Bey's actual competency on October 7, 1997, is not the issue, an examination of Mr. West–Bey by the government's expert is not only unnecessary, but that any results would be purely speculative, highly subjective and ultimately irrelevant." (Paper No. 191 at 3–4). However, Mr. West–Bey cites not a single authority for that sweeping assertion. The government counters that according to Dr. Lion such an examination now can provide relevant information on Mr. West–Bey's mental condition at the time of his plea. (Paper No. 188 at 1). The government's memorandum is likewise without any citation of legal or psychiatric authorities.

Although debatable, the undersigned has concluded that the law recognizes the reliability and relevance of such psychiatric evaluation and opinion and grants the motion. Standard 7–3.9 of the American Bar Association, Criminal Justice Mental Health Standards (approved by the ABA House of Delegates, August, 1984) specifically addresses and endorses the admissibility of expert testimony concerning a person's past mental condition:

> Expert testimony, in the form of an opinion or otherwise concerning a person's present mental competency or mental condition sometime in the past should be admissible whenever the testimony is based on and is within the specialized knowledge of the witness and will assist the trier of fact.

*Id.* at 117. While approved in 1984, these Standards remain in effect today. American Bar Association, Criminal Justice Mental Health Standards (1989), *available*

at http://www.abanet.org/crimjust/standards/mentalhealth_toc.html (last visited December 21, 2001). Moreover, commentary on this standard further provides that:

> [A] professional should be allowed to tender an expert opinion concerning a diagnosis of mental disorder or mental disability if it rests on one or more personal interviews with the subject of the opinion. The testimony lies within the witness's specialized knowledge and will assist the trier of fact in determining present mental competency or mental condition at the time of an alleged crime.

*Id.* at 121. In finding that such a *nunc pro tunc* competency determination could be meaningful, another district court has observed that:

> [r]etrospective examinations are not in general unusual. A very common evaluation by [a psychiatrist] is the mental state of the defendant at the time of the alleged offense which is always retrospective in nature.

*United States v. Mason,* 935 F.Supp. 745, 759 (W.D.N.C.1996), *aff'd,* 121 F.3d 701 (Table), 1997 WL 488763 (4th Cir.1997).

Interestingly, the ferment of the *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), decisions appears to have bypassed psychiatric testimony in criminal matters. Christopher Slobogin, *Doubts about Daubert: Psychiatric Anecdata as a Case Study,* 57 WASH. & LEE L. REV. 919 (2000); Christopher Slobogin, *Psychiatric Evidence in Criminal Trials: To Junk or Not Junk?,* 40 WM. & MARY L. REV. 1 (1998). Indeed, one commentator asserts that "[t]here are no reported *Daubert* challenges to retrospective psychiatric assess-

such error, if it occurred, prejudiced him." *Id.* at 341.

ments of criminal responsibility (*i.e.*, the reliability of the methods and procedures used to assess the mental state of a criminal defendant at a time long before the defendant was examined)." Daniel W. Shuman, *Expertise in Law, Medicine and Health Care*, 26 J. HEALTH POL. POL'Y & L. 267, 282 (2001). Finally, where, as here, a judge, not a jury is the trier of fact, under a Federal Rule of Evidence 403 analysis, balancing relevance with prejudice naturally tips toward introduction of such evidence.

The undersigned acknowledges that the Supreme Court has expressed skepticism about retrospective competency opinions and hearings in several older decisions. In *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (*per curiam* ), for example, the Supreme Court remanded a case to the district court for a new competency hearing and trial if the petitioner was found competent, because of "the doubts and ambiguities regarding the legal significance of the psychiatric testimony in this case and the resulting difficulties of retrospectively determining the petitioner's competency as of more than a year ago." *Id.* at 403, 80 S.Ct. 788. Similarly, in *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), although the Court found that the trial court violated the Due Process Clause by failing to hold a hearing on the petitioner's competency to stand trial, it refused to order an evidentiary hearing after the fact on defendant's competence at trial. *Id.* at 385–87, 86 S.Ct. 836. Lastly, in *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), a prisoner sought post-conviction relief on the ground that he was incompetent to stand trial. *Id.* at 168–69, 95 S.Ct. 896. In considering whether to remand, the Court questioned:

> whether petitioner's due process rights would be adequately protected by remanding the case now for a psychiatric examination aimed at establishing whether petitioner was in fact competent to stand trial in 1969. Given the inherent difficulties of such a *nunc pro tunc* determination under the most favorable circumstances, we cannot conclude that such a procedure would be adequate here.

*Id.* at 183, 95 S.Ct. 896 (internal citations omitted).

While the Supreme Court has questioned in several cases whether retrospective competency hearings could remedy due process violations, there is no Supreme Court decision forbidding them *per se* on a constitutional basis. Nor, more to the point here, is there any Supreme Court decision finding retrospective competency opinions inadmissible as lacking in reliability. *Cf. Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), *reh'g denied*, 464 U.S. 874, 104 S.Ct. 209, 78 L.Ed.2d 185 (1983) (rejecting a constitutional challenge to admissibility of psychiatric prediction testimony of future dangerousness as unreliable and instead, finding it relevant with its weight left to the fact finder).

 In fact, a number of lower courts, including the Fourth Circuit, have permitted retrospective competency hearings and have considered non-contemporaneous opinions on competency. *United States v. Mason*, 52 F.3d 1286, 1293 (4th Cir.1995), *remanded*, 935 F.Supp. 745 (W.D.N.C.1996), *aff'd*, 121 F.3d 701, 1997 WL 488763 (4th Cir.1997) (Table) (retrospective hearing adequate because defendant's physicians had formed opinion as to competency at time of trial); *see also United States v. Renfroe*, 825 F.2d 763, 764, 767–68 (3d Cir.1987), *remanded*, 678 F.Supp. 76 (D.Del.1988) (retrospective hearing adequate because lawyer's and expert's testimony and defendant's refusal to acknowledge cocaine addiction raised doubt as to defendant's competency to stand trial and hearing was contingent

upon district court finding that such hearing would be "meaningful"); *Wheat v. Thigpen*, 793 F.2d 621, 631 (5th Cir.1986), reh'g denied, 797 F.2d 977 (5th Cir.1986) (Table), *cert. denied*, 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987) (retrospective hearing adequate when district court had access to expert opinions, medical evidence complied before and after trial, state trial transcript, and testimony of lay witnesses who observed defendant during course of trial); *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir.1995), *cert. denied*, 516 U.S. 1096, 116 S.Ct. 822, 133 L.Ed.2d 765 (1996) (retrospective hearing adequate, despite nine years passing, because of contemporaneous medical reports, testimony of judge and attorney present at original trial, and trial transcript); *United States ex rel. Bilyew v. Franzen*, 842 F.2d 189, 192–93 (7th Cir.1988) (retrospective hearing adequate because defendant was deemed competent by experienced psychiatrists at original and retrospective competency hearing, despite psychiatric testimony to contrary on both occasions); *Wilkins v. Bowersox* 145 F.3d 1006, 1014–15 (8th Cir.1998), *cert. denied*, 525 U.S. 1094, 119 S.Ct. 852, 142 L.Ed.2d 705 (1999) (retrospective hearing on knowing, intelligent and voluntary waiver of counsel adequate because defendant's competency was contemporaneously evaluated); *Moran v. Godinez*, 57 F.3d 690, 695–96 (9th Cir.1994), *cert. denied*, 516 U.S. 976, 116 S.Ct. 479, 133 L.Ed.2d 407 (1995), *stay denied sub nom, Moran v. McDaniel*, 80 F.3d 1261 (9th Cir.1996) (retrospective competency hearing adequate despite three year delay because medical reports were contemporaneous with initial hearing); *Clayton v. Gibson*, 199 F.3d 1162, 1169 (10th Cir.1999), *cert. denied*, 531 U.S. 838, 121 S.Ct. 100, 148 L.Ed.2d 59 (2000) (retrospective hearing adequate, despite passage of six years, due to psychiatric competency examination before trial); *Bailey v. Spears*, 847 F.2d 695, 695–96 (11th Cir.1988) (retrospective competency examination and hearing ordered because psychologist testified that defendant exhibited psychotic behavior, defendant's mother testified that defendant was brain damaged, and defendant acted strangely and attempted suicide while incarcerated). Accordingly, the vast majority of the circuits permit a retrospective competency hearing "whenever a court can conduct a meaningful hearing to evaluate retrospectively the competency of the defendant." *Moran*, 57 F.3d at 696.[4]

---

4. "A 'meaningful' determination is possible where the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant's condition at the time of the original state proceedings." *Reynolds v. Norris*, 86 F.3d 796, 802 (8th Cir.1996). A court should consider (1) the passage of time, (2) the availability of contemporaneous medical evidence, including medical records and prior competency determinations, (3) any statements by the defendant in the trial record, and (4) the availability of individuals and trial witnesses, both experts and non-experts, who were in a position to interact with defendant before and during trial, including the trial judge, counsel for both the government and defendant, and jail officials. *Id.* at 802–03; *Moran* 57 F.3d at 696. "The passage of time is not an insurmountable obstacle if sufficient contemporaneous information is available." *Reynolds*, 86 F.3d at 803; *see Bruce v. Estelle*, 536 F.2d 1051, 1057 (5th Cir.1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977) (determining nine-year gap between trial and competency hearing did not alone vitiate opportunity for meaningful hearing); *Barefield v. New Mexico*, 434 F.2d 307, 309 (10th Cir.1970), *cert. denied*, 401 U.S. 959, 91 S.Ct. 969, 28 L.Ed.2d 244 (1971) (finding "mere lapse of time before a competency hearing" does not invalidate findings made as a result of that hearing).

The undersigned cannot find any reported decisions where a retrospective competency hearing was ordered and the constitutional deficiency was Sixth Amendment denial of effective assistance of counsel rather than a violation of the Fourteenth Amendment right to due process. Since the injury in both

■ The lack of expert medical evidence contemporaneous with the time of trial does not, in at least several courts' views, automatically make a "meaningful" retrospective competency hearing impossible. "The absence of [contemporaneous medical evidence] does not compel a decision that the Court may not conduct a meaningful *nunc pro tunc* hearing." *Wheat*, 793 F.2d at 631. Indeed, the Fourth Circuit in an unpublished opinion has accepted non-contemporaneous medical opinion on competency. *Mason*, 121 F.3d 701, 1997 WL 488763. In reviewing an appeal from a retrospective competency hearing, the court affirmed the trial court's rejection of a contemporaneous medical opinion finding the defendant to be suffering from a mental impairment, requiring care and presently incompetent and further affirmed the trial court's adoption of another physician's medical opinion based on an examination thirty-nine months after the trial. *Id.*

■ While the undersigned may ultimately give little weight to Dr. Lion's interpretation of contemporaneous information on Mr. West–Bey's competency on October 7, 1997, or his opinion on his competency on this date, based on his psychiatric interview in 2002, the Court cannot say that it is necessarily speculative. While the ultimate issue here is not the mental competency of Mr. West–Bey on October 7, 1997, Dr. Lion's opinions are relevant and where, as here, a judge, not a jury, is the finder of fact, there is no countervailing prejudice to consider.

Accordingly, at the hearing the government's expert may testify to his opinion on the effect of the medications, Mr. West–Bey's competency on October 7, 1997, if he concludes he can, his interpretation of any objective evidence of defendant's mental state, and if he believes a meaningful retrospective hearing can be held.

Here, the appellate court is not remanding for a retrospective competency hearing and this court does not intend to hold a competency hearing. Rather, the court will take all relevant evidence about counsel's investigation and inquiry of Mr. West–Bey's competency and if that investigation and inquiry falls short of effective assistance of counsel, the court will take all relevant evidence on whether Mr. West–Bey was prejudiced. Relevant evidence, of course, includes evidence on the effect of Mr. West–Bey's medications on his ability to reason and to understand the nature of the proceedings, evidence of the findings and treatment at FCI Butner and his mental state while taking the medications. The above cited cases and the cases collected in *United States v. Cole*, 813 F.2d 43, 47 (3rd Cir.1987), identify other types of evidence relevant to Mr. West–Bey's mental state during defense counsel's representation of him, particularly during his discussions of the plea agreement and at the guilty plea hearing. For instance, evidence of the type and amount of medication defendant took before he pled guilty and the capacity of this medication to affect competency are relevant to the prejudice prong of the ineffective assistance of counsel claim. Also, medical records made at or around the time that Mr. West–Bey pled guilty, as well as evidence about his conduct, appearance, and interaction with others around that time are relevant to the inquiry. Records and witness recollections of competency determinations made at

---

constitutional violations is the entry of a guilty plea without proper protections or assurances of the knowing and voluntary nature of the plea, *Medina v. California*, 505 U.S. 437, 453, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992), *reh'g denied*, 505 U.S. 1244, 113 S.Ct.

19, 120 L.Ed.2d 946 (1992), a retrospective determination of competency, if meaningful, would seem to satisfy the constitutional imperative. The Court invites any differing views, with supporting authorities on this issue, from counsel.

FCI Butner after the plea, if they exist, would also be relevant.

Accordingly, the undersigned agrees with the government that "Mr. West–Bey's mental condition at the time of the plea is clearly relevant to this Court's determination. The objective characteristics of West–Bey's medications are relevant too, but they are not the only issue before this Court, nor even the central one." (Paper No. 192 at 2).

Finally, if the Court determines that there was ineffective assistance of counsel, the next issue is whether "a meaningful hearing on the issue of competency of the defendant at the prior proceedings is still possible." *Renfroe*, 825 F.2d at 767–68. If the court determines that a meaningful hearing is no longer possible, the defendant's guilty plea must be vacated and a trial scheduled. If, however, a retrospective determination is still possible, a competency hearing would be held. If the conclusion is that the defendant was competent, the guilty plea would not be vacated. If there cannot be a meaningful hearing, the guilty plea must be vacated and the matter set in for further proceedings— another guilty plea hearing or a trial after resolution of current competency.

## III. Conclusion

For reasons more fully explained above, the Court **ORDERS** that the government's Motion for an Order Allowing Psychiatric Examination of Troy West–Bey be **GRANTED**.

The government should notify the Court when the examination is complete so a prompt hearing may be scheduled, but in any event, counsel should advise the Court of the status by February 13, 2002.