**CI LIANG ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–4631–ag.

United States Court of Appeals, Second Circuit.

May 11, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

James K. Vines, United States Attorney, Middle District of Tennessee, Bret C. Hester, Assistant United States Attorney, Nashville, Tennessee, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 11th day of May, two thousand and six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Ci Liang Zheng petitions for review of an October 8, 2004 order of the BIA denying his second motion to reopen. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA's denial of Zheng's second motion to reopen did not constitute an abuse of discretion. Unless the filing deadline of a motion to reopen is equitably tolled, Zheng's second motion to reopen was untimely filed with the BIA. *See* 8 C.F.R. § 1003.2(c)(2). The BIA reasonably determined that Zheng was not entitled to equitable tolling because he failed to exercise due diligence in pursuing his claim of ineffective assistance of counsel. Zheng argues that he learned of his former counsel's ineffective assistance only in late March 2004, as evidenced by a U.S. Postal Service Certified Mail receipt indicating that a document complaining of his ineffectiveness had been sent to his attorney, Gregory Kuntashian, on April 2, 2004.

Assuming the postal receipt in fact relates to a document sent to Kuntashian, the date of the complaint to Kuntashian does not establish the date when Zheng learned of Kuntashian's ineffectiveness.

Additionally, Zheng's argument that the BIA failed to consider evidence that he was diligent in pursuing his claim for adjustment of status is not relevant to the BIA's reason for denying Zheng's second motion to reopen. The BIA ruled on the basis of Zheng's failure to exercise due diligence in filing a motion to reopen based on his claim of ineffective assistance of counsel. Any diligence that Zheng exhibited in pursuing his claim for adjustment of status would not provide an adequate explanation for the untimely filing of his second motion to reopen.

Finally, Zheng argues, relying on *Beharry v. Reno*, 183 F.Supp.2d 584 (E.D.N.Y. 2002), that his deportation would violate the international principle of family unity recognized in international law. We have already noted that "it is not clear that the international law documents cited [by the district court] in *Beharry* rise to the level of customary international law." *Oliva v. United States Dep't of Justice*, 433 F.3d 229, 235 (2d Cir.2005) (quoting *Guaylupo–Moya v. Gonzales*, 423 F.3d 121, 135 (2d Cir.2005)). Because Congress has clearly imposed a ninety-day deadline for the filing of motions to reopen, absent equitable tolling, there is no other basis in law to reopen Zheng's deportation order. *See Oliva v. United States Dep't of Justice*, 433 F.3d 229, 233 (2d Cir.2005) (quoting *United States v. Yousef*, 327 F.3d 56, 93 (2d Cir.2003)) (noting that if a statute makes plain Congress's intent, then Article III courts must enforce the intent of Congress irrespective of whether the statute conforms to customary international law).

For the foregoing reasons, Zheng's petition for review of the BIA's denial of his second motion to reopen is DENIED.