**COMMONWEALTH of Kentucky, Appellant,**

v.

**Linda Sue CASWELL, Appellee.**

Court of Appeals of Kentucky.

March 20, 1981.

Steven L. Beshear, Atty. Gen., Frankfort, Jean Baker Mansfield, Asst. Commonwealth's Atty., Sp. Asst. Atty. Gen., Louisville, for appellant.

Edward L. O'Connor, Louisville, for appellee.

Before HAYES, C. J., and HOGGE and VANCE, JJ.

VANCE, Judge.

The Commonwealth appeals from the dismissal of the indictment against appellee on appellee's motion and asks for a certification of the law. Appellee and Rita Sue Montgomery, acting alone or in complicity, were charged with 15 counts of forgery in the second degree in the use of a stolen credit card. Mrs. Montgomery entered a plea of guilty to all counts.

Although appellee did not sign or actually forge the name of the holders of the card, she was with Mrs. Montgomery when 14 of the 15 purchases were made, she selected the merchandise which was purchased on many of the occasions, she drove Mrs. Montgomery to all of the stores where Mrs. Montgomery made purchases and she

carried the merchandise so purchased in her automobile.

KRS 502.020 provides that a person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he aids, counsels, or attempts to aid such person in planning or committing the offense.

There is no specific statutory penalty provided for the violation of KRS 502.020. For this reason only the trial judge dismissed the indictment at the close of the presentation of testimony on the motion of appellee.

We agree with the Commonwealth that if appellee is guilty of forgery by complicity her offense is punishable as provided by the forgery statute. KRS 502.020 does not create a new offense known as complicity. It simply provides that one who aids, counsels or attempts to aid another in committing an offense with the intention of facilitating or promoting the commission of the offense is himself guilty of that offense.

Thus if appellee, with the intention of promoting or facilitating the commission of the offense of forgery, aided, counseled or attempted to aid Rita Sue Montgomery in the commission of that offense, appellee is guilty of forgery and the punishment provided in the forgery statute is applicable to her. See *Ray v. Commonwealth*, Ky., 550 S.W.2d 482 (1977).

The indictment gave notice of complicity and the dismissal was error. The case should have been submitted to the jury under instructions which would permit a guilty verdict upon a finding of complicity.

The Commonwealth contends an instruction on criminal facilitation (KRS 506.-080) should have been given. *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75 (1977). If appellee knew that Rita Sue Montgomery intended to commit or was committing a forgery, her action in providing transportation, selecting various items to be purchased and hauling the loot away from the stores would necessarily have evinced an intent to promote the commission of the crime. An instruction on criminal facilitation was not warranted.

The law is so certified and the order dismissing the indictment is vacated.

All concur.