**Gary SLONE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 29, 1984.

Discretionary Review Denied by Supreme Court Nov. 8, 1984.

Julie Namkin, Asst. Public Advocate, Louisville, for appellant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and HOW-ERTON, JJ.

HOWERTON, Judge.

Slone appeals from his conviction in the Pike Circuit Court for theft by unlawful taking over $100 and for being a first-degree persistent felony offender. Slone was sentenced to serve one year on the theft charge, and his punishment was enhanced to fourteen years for being a persistent felony offender.

Slone and Steve Hall were arrested and indicted for taking 36 cassette tapes, one carton of cigarettes, and a pistol from a vehicle owned by Gary Jones, which was parked outside the Professional Men's Club in Pikeville. The police were notified of the break-in of the van, and Slone and Hall were seen carrying a cassette case. When an officer investigated, he found not only the cassettes but the cigarettes and the pistol. The items were identified as belonging to Jones and having been taken from his vehicle.

Slone's counsel moved for a separate trial on the ground that the defenses of Slone and Hall were inconsistent and prejudicial to each other. Slone also moved to suppress any statements made by Hall which tended to incriminate him. Both motions were denied. At trial, neither Slone nor Hall testified, but the arresting officer testified that Hall informed him that he was the one who opened the door of the vehicle and removed the merchandise.

■ Slone first argues that the trial court erred by denying his motion for a separate trial. RCr 9.16 reads, in part, "If it appears that a defendant or the commonwealth is or will be prejudiced by a joinder ... of defendants ... for trial, the court shall ... grant separate trials of defendants." Whether to grant separate trials is primarily within the discretion of the trial judge. An appellate court will not reverse the decision to join trials unless there is an abuse of such discretion. Although Hall's attorney attempted to blame Slone for Hall's confession at trial, the only evidence presented to the trial court to support the

motion for severance was the fact that Hall's statement exculpated Slone and inculpated Hall. There was no reason to predict a serious conflict. We will not reverse the trial judge's decision unless it is clearly demonstrated that at the time of his decision his failure to grant a severance was an abuse of discretion. *Rachel v. Commonwealth*, Ky., 523 S.W.2d 395 (1975). Hall's counsel's comments were somewhat prejudicial, but the trial court admonished the jury very strongly every time the counsel made a prejudicial remark.

■ Slone next claims that the trial court erred by allowing the arresting officer to testify concerning Hall's confession. The statement, however, did not implicate Slone in the crime, and we find no error. The rule in *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), is not applicable to this case. It is true that Slone was found in possession of the stolen gun and that he was in the presence of Hall, who had confessed to taking all of the items, but Hall's statement exculpated Slone from the actual theft.

■ The court gave an instruction on complicity, and Slone charges that such was error. A person is guilty of an offense committed by another when there is an intention to promote or facilitate the commission of the offense and the person aids or attempts to aid in the planning or commission of the offense. KRS 502.020. *See also Commonwealth v. Caswell*, Ky.App., 614 S.W.2d 253 (1981). Slone argues that the Commonwealth failed to show that he aided, counseled, or attempted to aid Hall in the planning or commission of the theft.

■ Although the evidence against Slone for aiding and counseling in the planning or commission of the theft is only circumstantial, we find that it was sufficient to support a theory of complicity. The two were together shortly after the offense was committed, and Slone was in possession of a portion of the stolen property. Although this issue may be close on the merits, we also find that the matter has not been properly preserved for our review.

Slone's counsel objected to the instruction on complicity, but he failed to obtain a ruling. *Bell v. Commonwealth*, Ky., 473 S.W.2d 820 (1971).

Slone's final allegation of error is that the Commonwealth failed to prove that the charged offense occurred in Pike County. We find no merit in this argument. The arresting officer was a Pikeville policeman. He testified of his whereabouts in Pikeville at the time he was notified of the "robbery." Although it would have been a simple matter for the Commonwealth to clarify exactly where the offense occurred, the evidence leaves no doubt that it occurred in Pike County. Certainly, the jurors were familiar with the areas described by the witness.

It takes very little evidence to warrant reasonable inferences in proving venue. *Collins v. Commonwealth*, Ky., 508 S.W.2d 43 (1974). References to locations, businesses, and instrumentalities are sufficient for a jury to conclude that an offense was committed in a particular county. *Jones v. Commonwealth*, Ky., 457 S.W.2d 627 (1970). Jurors may be presumed to have knowledge of local geography. If the evidence discloses that the offense was committed in a city or at some well-known landmark or public place, such is sufficient to establish venue. *Rounds v. Commonwealth*, 282 Ky. 657, 139 S.W.2d 736 (1940).

The judgment of the Pike Circuit Court is affirmed.

All concur.