Donnie Ray BUSH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 16, 1986.

As Corrected Jan. 21, 1986.

Larry Marshall, Asst. Public Advocate, Frankfort, for appellant.

David Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The question is what right does an accused, who has entered a plea of guilty and has been sentenced according to a plea bargain agreement, have to require the enforcement of a previous plea bargain agreement which was not accepted by the trial judge.

The appellant, Donnie Ray Bush, was indicted on two counts of murder and one count as a first-degree felony offender. While his case was pending trial, the Commonwealth's Attorney became concerned that a prisoner in the jail, Garnie Neace, had hired some unknown persons to kill him. He obtained an agreement from appellant that appellant would wire his body for sound and attempt to find out from Garnie Neace information about the murder plot, including the names of the persons involved. In consideration thereof, the Commonwealth's Attorney agreed to dismiss one of the murder charges against appellant, reduce the other to first-degree manslaughter, recommend a 15-year sentence thereon, and recommend probation. He also agreed to dismiss the P.F.O. count of the indictment and represented to appellant that he had discussed the matter of probation with the trial judge and that the trial judge was agreeable to probation. The agreement between appellant and the Commonwealth Attorney was as follows:

"Commonwealth of Kentucky, Perry Circuit Court, Indictment No.; Commonwealth of Kentucky, Plaintiff vs. Donnie Ray Bush, Defendant,; Agreement.

"It is hereby agreed between the Commonwealth of Kentucky and Donnie Ray Bush as follows:

"1) That Donnie Ray Bush agrees to be wired for sound and to obtain on tape information from Garnie Neace concerning Garnie Neace having hired two people to murder Alva Hollon, Jr.

"2) That Donnie Ray Bush will give to the Commonwealth the names of the two people hired to commit this murder, as well as the address and phone # for one and the phone # of the other individual.

"3) In return for this information, and assuming that it turns out to be accurate, the Commonwealth will a) dismiss the PFO count of the indictment; b) dismiss the murder count relating to the death of Paul Barger; and c) reduce the murder charge pertaining to Fred Combs to manslaughter in the first degree and recommend a fifteen year sentence.

"4) Further, the Commonwealth agrees to give Donnie Ray Bush full jail time credit from July 2, 1981, until the present. The Commonwealth is aware that approximately 20 months of this time is time spent in Federal custody.

"5) The Commonwealth agrees to recommend probation for Donnie Ray Bush and further, the Commonwealth has discussed this with Circuit Judge Manis and the Commonwealth states that the Judge is agreeable to probation. Mr. Bush will be probated once he has obtained the agreed information and it has been verified.

"6) Donnie Bush agrees to be available as a witness in any resulting prosecutions.

"7) The Commonwealth agrees to make arrangements with the Federal parole system to obtain clearance for Mr. Bush to aid as an informant.

"8) The Commonwealth agrees to obtain an agreement from the U.S. Attorney to not bring gun possession charges against Mr. Bush.

"9) The Commonwealth will bring no further charges against Mr. Bush based on anything related to the 12/31/80–1/1/81 shootings.

"Agreed: Alva A. Hollon, Jr., Commonwealth Attorney; Donnie R. Bush, Defendant. Date: 1/17/84."

The appellant performed his part of the agreement. He was wired for sound and obtained information which led to the indictment of persons involved in a plot to kill the Commonwealth's Attorney.

Thereafter, appellant came before the court, and his attorney announced that he desired to enter a plea of guilty and to be sentenced in accordance with the agreement set out above. The trial judge read the agreement into the record, stated that he had not seen the agreement prior to the hearing, that he had not agreed to it, and declined to accept the plea and to sentence according to the agreement.

The case was continued for trial on a day certain. Thereafter, a new plea bargain agreement was entered into whereby appellant agreed to and was sentenced to 20 years on one count of murder, and the other charges were dismissed. He appeals from that sentence and claims that he has a right to specific enforcement of the original agreement, citing *Workman v. Commonwealth,* Ky., 580 S.W.2d 206 (1979).

We think *Workman* is not dispositive. *Workman* did not involve the entry of a plea of guilty. The agreement in *Workman* was that the Commonwealth would dismiss the charge if Workman would submit to, and successfully pass, a polygraph examination.

He did submit to, and pass, the polygraph examination. The Commonwealth did not move to dismiss the charge, and Workman's motion to dismiss was overruled. He was tried by a jury and convicted. This court reversed the judgment, specifically stating that the trial judge gave no reason for refusing to carry out the agreement and that the record showed no rational reason not to enforce the agreement made by the Commonwealth Attorney.

■ Two factors in this case are quite different from those in *Workman, supra.* First, Workman appealed from a conviction by a jury, while appellant here attempts to appeal from a plea of guilty. A plea of guilty waives all defenses except that the indictment does not charge a public offense. *Hendrickson v. Commonwealth,* Ky., 450 S.W.2d 234 (1970).

Secondly, in this case, appellant negotiated a second guilty plea bargain. He entered his plea and was sentenced according to the bargain. There is no claim here that his plea was involuntary.

We need not decide here what our position would be had appellant been tried and found guilty and sentenced pursuant to the verdict. That is simply not the case here.

The trial judge rejected the plea bargain and did not accept a plea of guilty made in reliance upon the bargain. The case was set for trial on a future day certain.

The appellant continued to negotiate for a new plea bargain agreement and eventually succeeded in reaching one, the terms of which were satisfactory to him. He entered his plea of guilty in reliance upon the new plea bargain and without any reliance whatever upon the original plea bargain.

He was questioned concerning his understanding of the new plea bargain and the voluntariness of his plea. His responses indicated that he understood exactly what he was doing. Neither the appellant nor his attorney expressed any reservation about the new arrangement.

■ He was sentenced exactly in accord with the new plea bargain. His acceptance of the new plea bargain and his entry of a plea of guilty thereon, followed by a sentence in accordance with the terms of the bargain, forecloses any right to insist upon appeal that the original plea bargain must be enforced.

We note in passing that this is not a case in which the trial judge reneged upon his agreement. The trial judge stated in at least three places in this record that he had no advance knowledge of the written plea agreement and that he did not give any prior approval to the terms of the agreement. Although the agreement contains a representation that the Commonwealth Attorney had talked to the trial judge and had obtained his agreement for probation, the Commonwealth Attorney was not called as a witness and the record contains no testimony that the trial judge had, in fact, given prior approval to the arrangement.

The judgment is affirmed.

STEPHENS, C.J., and GANT, AKER, and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs in the result only.

STEPHENSON, J., not sitting.