**Martin Dewayne SMITH, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–000111–MR.

Court of Appeals of Kentucky.

Jan. 11, 2008.

758

Denise Redwine, Lexington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Michael A. Nickles, Assistant Attorney General, Frankfort, KY, for appellee.

Before THOMPSON, Judge; BUCKINGHAM and HENRY, Senior Judges.[1]

---

1. Senior Judges David C. Buckingham and Michael L. Henry sitting as Special Judges by assignment of the Chief Justice pursuant to

*OPINION*

THOMPSON, Judge.

Martin Dewayne Smith appeals from a judgment of the Fayette Circuit Court following his conditional guilty plea to criminal attempt to commit kidnapping and tampering with physical evidence. For the reasons set forth herein, we affirm.

On February 2, 2006, in the parking lot of a Lexington store, a man approached a woman and, after he was unsuccessful in abducting her, fled the scene.

Thereafter, following an anonymous tip to "Crime Stoppers," Smith was identified as the assailant who accosted the woman in the parking lot. After being arrested on an unrelated warrant and during questioning, Smith allegedly told police that he grabbed the victim and may have killed or harmed her if he had not been stopped. He further stated that he had fled the scene and disposed of his hat and coat to avoid detection after his crime.

On June 20, 2006, a Fayette County grand jury indicted Smith for kidnapping and tampering with physical evidence. At a status hearing on August 25, 2006, Smith's counsel orally moved for the suppression of Smith's statements to the police because they were possibly made involuntarily. Following Smith's counsel's brief statements, the trial court set a suppression hearing for September 28, 2006.

Smith's brief in support of his suppression motion provided, in pertinent part, the following:

> As grounds for this motion, the defendant submits that, although he was given a Miranda warning prior to making his statement, he was at the time intoxicated and/or suffering from an illness

Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

manifested by periods of blackouts and loss of memory. Further, the defendant advised the officers conducting the interrogation of his condition. The defendant submits that he should have been evaluated prior to giving any statement in this case to determine the cause of his blackouts. Therefore, without a proper waiver of his rights prior to making the statement, the statement is not voluntarily made and, therefore, inadmissible.

At the suppression hearing, the trial court stated that it believed that the suppression motion went to Smith's competency to participate in his criminal case. Smith's counsel agreed and asked the court if a psychiatric examination should be completed before continuing the suppression hearing. The court answered affirmatively. Accepting this short discussion as a motion for a psychiatric examination, the court ordered that Smith be evaluated for his competency to stand trial and for his mental capacity (sanity) to commit the charged crimes.

From the evaluation order, it is clear that the trial court did not order the psychiatric examination due to a belief that Smith's competency to stand trial or sanity at the time of the offense were in doubt. Rather, the trial court's order provided that the order was based on Smith's request for an examination.

At the next hearing, on November 3, 2006, Smith's counsel informed the court that Smith had accepted a conditional plea agreement to the amended charges of criminal attempt to commit kidnapping and tampering with physical evidence. The agreement provided a sentence of five years for attempted kidnapping and one year for evidence tampering.

The trial court was then informed that Smith had never been psychiatrically examined. Smith's counsel then withdrew the motion for an examination and stated that Smith had a clear understanding of the proceedings and was competent to stand trial. Smith's counsel further stated that the conditional guilty plea reserved Smith's right to appeal the court's pre-trial ruling on his suppression motion. Notwithstanding this reservation, the trial court never ruled on the motion to suppress his statements to police.

The trial court then administered the oath to Smith and conducted a *Boykin* hearing.[2] During the court's questioning, Smith stated that he had no history of mental illness. He stated that he had fourteen (14) years of education, understood the nature of the charges against him, but said that he did not remember being at the Lexington business on the day of the crime. However, he admitted to intentionally disposing of evidence related to the crime.

When the court began questioning Smith's counsel, she responded that she believed Smith was entering the plea voluntarily and understood his constitutional rights. Moreover, she stated that she believed Smith was competent to enter the plea. The court then accepted Smith's plea and set a sentencing hearing. At the sentencing hearing, without prompting, Smith's counsel stipulated that he was competent. After ordering that his two sentences be served consecutively, the court sentenced Smith to six years' imprisonment. This appeal follows.

■ Smith first contends that the trial court erred by not suppressing his incriminating statements to police because they were not made voluntarily, knowingly, and intelligently.

**2.** *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Because our precedents have clearly established that a failure to obtain a ruling from a trial court operates as a waiver of the issue for purposes of appellate review, we conclude that the merits of Smith's suppression motion regarding the voluntariness of his statements are not preserved for review. *Brown v. Commonwealth,* 890 S.W.2d 286, 290 (Ky.1994)(defendant's failure to insist upon a ruling regarding the suppression of his statements to police constituted a waiver of the issue); *Slone v. Commonwealth,* 677 S.W.2d 894, 896–97 (Ky.App. 1984).

Smith next contends that the trial court erred when it failed to conduct an evidentiary hearing regarding his competency to stand trial. Citing *Mills v. Commonwealth,* 996 S.W.2d 473 (Ky.1999) and KRS 504.100(1), Smith contends that the trial court was required to have him psychiatrically examined and to conduct a competency hearing because the court was presented with sufficient facts to place his competency in doubt. We disagree.

■ We first observe that this contention is unpreserved for appellate review because Smith never obtained a ruling from the trial court on the issue. *Turner v. Commonwealth,* 153 S.W.3d 823, 831–32 (Ky.2005). Thus, our review is governed by the standard set out in Kentucky Rules of Criminal Procedure (RCr) 10.26. *Id.* at 831. Under this standard, an error is palpable only when it is "easily perceptible, plain, obvious and readily noticeable." *Burns v. Level,* 957 S.W.2d 218, 222 (Ky. 1997).

A palpable error must be so serious that it will seriously affect the fairness to a party if it is not corrected. *Brewer v. Commonwealth,* 206 S.W.3d 343, 349 (Ky. 2006). Essentially, palpable error analysis comes down to whether an appellate court believes there is a "substantial possibility"

that the result in a case would have been different without the error. *Id.*

■ The prosecution of a criminal defendant who is incompetent to stand trial is a violation of due process of law under the Fourteenth Amendment. *Thompson v. Commonwealth,* 56 S.W.3d 406, 408 (Ky. 2001). Further, the competency to plead guilty and the competency to stand trial are identical. *Id.* Incompetency to stand trial is defined as where, because of a mental condition, the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or to participate rationally in his own defense. KRS 504.060(4).

When a trial court has reasonable grounds to believe that a defendant is incompetent to stand trial or to plead guilty, the court must appoint a psychologist or psychiatrist "to examine, treat and report on the defendant's mental condition." KRS 504.100(1). After the report is filed, the court must conduct a hearing to determine whether or not the defendant is competent to stand trial. KRS 504.100(3). The competency hearing is mandatory and cannot be waived by the defendant. *Thompson v. Commonwealth,* 56 S.W.3d at 408.

When a trial court fails to conduct a competency hearing, our standard of review is whether a reasonable judge, situated as was the trial court judge, should have experienced doubt in regard to the defendant's competency to stand trial. *Mills v. Commonwealth,* 996 S.W.2d at 486.

Although Smith had previously put forth an allegation that he was incompetent, there was sufficient evidence that demonstrated that he possessed the capacity to appreciate the nature and consequences of the proceedings against him and could participate rationally in his own defense. At

the hearing, on November 3, 2006, the trial court and Smith engaged in a lengthy colloquy regarding his criminal case. From this colloquy, Smith's representations did not present the court with a reasonable doubt of his mental competency to plead guilty.

■ After our review of the record, the trial court's decision not to conduct an evidentiary hearing regarding Smith's competency to enter a guilty plea was not palpable error. The trial court had ample evidence of Smith's competency to accept his guilty plea. Essentially, there is no "substantial possibility" that a reasonable trial court judge would have experienced doubt as to Smith's competency to stand trial. Thus, there was no palpable error.

Smith's final contention is that the trial court erred by not conducting an evidentiary hearing regarding his capacity to commit the charged offenses. Specifically, at the time of the crime, he contends that he was highly intoxicated and suffering from blackouts. Therefore, Smith contends that these facts necessitated the trial court to conduct a hearing regarding his mental capacity (i.e., his mental illness or intoxication) to commit the charged crimes.

■ "A person is not responsible for criminal conduct if at the time of such conduct, as a result of mental illness or retardation, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." KRS 504.020(1). Moreover, "[i]ntoxication, whether voluntary or involuntary, is a defense to an intentional crime if the effect of the intoxi-cation is to completely negate the element of intent; it causes the defendant's mental state to equate with insanity." *McGuire v. Commonwealth,* 885 S.W.2d 931, 934 (Ky. 1994).

■ Finally, the defendant has the burden to prove insanity if he is to receive the benefit of the defense at trial. *Wainscott v. Commonwealth,* 562 S.W.2d 628, 631 (Ky.1978). However, when a defendant pleads guilty to an offense, he waives this defense. *Bush v. Commonwealth,* 702 S.W.2d 46, 48 (Ky.1986).

■ Although Smith did request a psychiatric examination regarding his mental capacity to commit an offense, he withdrew this motion and never insisted on nor obtained a ruling as to his mental condition at the time of the commission of his crimes. Therefore, because he pled guilty without preserving this issue for review, Smith has waived his insanity and intoxication defenses for purposes of appellate review.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

HENRY, Senior Judge, concurs.

BUCKINGHAM, Senior Judge, concurs with result only.