NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  08a0274n.06
Filed:  May 19, 2008

**No. 07-5841**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| V. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| TINA JENSEN, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

---

BEFORE:      COLE and GRIFFIN, Circuit Judges; FORESTER, Senior District Judge.[*]

FORESTER, Senior District Judge.

Defendant Tina Jensen entered a plea of guilty to the charge of complicity to commit sexual assault in the second degree, in violation of KRS 510.120, KRS 502.020, and KRS 620.010, pursuant to 18 U.S.C. § 13, in the United States District Court for the Western District of Kentucky, Fort Campbell Division.  She was subsequently sentenced to a period of six (6) months probation and a fine of $250.  As a special condition of her supervised release, the district court ordered her to "comply with any sex offender registration laws of any state in which she resides, is employed, carries on a vocation, or is a student."  When ordered by her probation officer to register as a sex

---

[*]      The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

offender in Kentucky, Jensen objected, arguing that under Kentucky law an individual convicted of complicity to commit sexual abuse in the second degree is not required to register as a sex offender under Kentucky law. The district court rejected Jensen's position and entered an order requiring her to register as a sex offender in Kentucky.

Jensen appeals the district court's order. Because we conclude that the district court did not err in requiring Jensen to register as a sex offender in Kentucky, we affirm the judgment of the district court.

## I.

On January 5, 2006, a federal grand jury in the Western District of Kentucky returned a two count indictment against Tina Jensen. Jensen subsequently entered a plea of not guilty to both counts. Then, on September 6, 2006, the grand jury returned a two-count superseding indictment against Jensen for criminal violations under the Assimilated Crimes Act, 18 U.S.C. § 13. The Assimilated Crimes Act, or ACA, provides that in the absence of a governing federal statute, a person who commits a state crime on a federal enclave "shall be guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13(a).

Count 1 of the superseding indictment charges that on or about and between July 9, 2004 and August 31, 2004, at Fort Campbell, Kentucky, within the special maritime and territorial jurisdiction of the United States, Jensen, having a legal duty pursuant to KRS 620.010 to prevent the offense of sexual abuse in the second degree (KRS 510.120) against her daughter, E.J., a person who was less than fourteen (14) years old, failed to make a proper effort to do so, in violation of KRS 502.020. Count 2 of the superseding indictment charges that on or between the same dates Jensen, a parent legally charged with the care of E.J., age 12 years, failed to exercise reasonable diligence in the

2

control over E.J., and allowed E.J. to become neglected, dependent, or delinquent when Jensen provided cigarettes and alcohol for E.J. and an unsafe living condition, in violation of KRS 530.060.

Jensen ultimately pled guilty, pursuant to a written plea agreement, to Count 1 of the superseding indictment charging her with complicity to commit sexual abuse in the second degree; Count 2 of the superseding indictment was subsequently dismissed. As part of her guilty plea, Jensen admitted that she resided at home with her then-husband, her 12-year old daughter E.J., and a 19-year old soldier. Jensen further admitted that she was aware that her daughter had become sexually involved with the soldier and that she failed to make a proper effort to intervene in order to stop the sexual activity.

At the sentencing hearing on December 6, 2006, Jensen was sentenced by United States Magistrate Judge W. David King to six months probation and a fine of $250. As a component of her probation and in addition to the standard conditions of supervision, the court also imposed the following special condition of supervision:

> IF DETERMINED APPLICABLE: 14) The defendant shall comply with any sex offender registration laws of any state in which she resides, is employed, carries on a vocation, or is a student.

Upon commencing her term of probation, Jensen was ordered by her United States Probation Officer to register as a sex offender in Kentucky. Jensen, by counsel, objected to registering as a sex offender and requested a hearing on the issue. The magistrate judge conducted a hearing on January 10, 2007 and heard argument from both parties. At the conclusion of the hearing, the magistrate judge entered an order on January 22, 2007 rejecting Jensen's position and requiring her to register as a sex offender in Kentucky.

On February 2, 2007, Jensen appealed the magistrate judge's order to the district court. On

3

June 29, 2007, United States District Judge Thomas B. Russell entered an opinion affirming the magistrate judge's order and denying Jensen's appeal. Jensen filed a timely notice of appeal with this Court.

## II.

Because Jensen was convicted under the ACA of a "like offense," she is subject to "like punishment" as that provided by state law. 18 U.S.C. § 13(a). Consequently, "state law fixes the range of punishment, but the Sentencing Guidelines determine the actual sentence within that range." *United States v. Marmolejo*, 915 F.2d 981, 984 (5th Cir. 1990); *see also United States v. Garcia*, 893 F.2d 250, 254 (10th Cir. 1989)(same). The Sentencing Guidelines, including the provisions for supervised release, were made applicable to the ACA in 1990 by congressional amendment to 18 U.S.C. § 3551(a).

Generally, this Court reviews *de novo* the sentencing court's interpretation of the Sentencing Guidelines and statutes. *United States v. Kaminski*, 501 F.3d 655, 665 (6th Cir. 2007); *United States v. Corrado*, 304 F.3d 593, 607 (6th Cir. 2002). Whether or not a conviction for complicity to commit sexual abuse requires registration as a sex offender under Kentucky law is clearly a question of law which this Court must review *de novo*.

## III.

In the 1990s, public outrage concerning the abduction and sexual abuse of children led a number of states to attempt to find legislative ways to protect children. New Jersey became one of the first states to adopt a sex offender registration law. The law, known as "Megan's Law," was named after a child abducted, raped and murdered by a known child molester who had moved across the street from the child's family without their knowledge. After a challenge to the constitutionality

4

of "Megan's Law," the New Jersey Supreme Court upheld the legislation in *Doe v. Poritz*, 142 N.J.1, 662 A.2d 367 (1995).

In 1994, Congress enacted the Jacob Wetterling Crimes Against Children and Sexually Violent Offenders Registration Act, 42 U.S.C.A. § 14071. The purpose of this legislation was to encourage individual states to adopt sex offender registration statutes. Failure to adopt some version of Megan's Law with certain provisions would result in Congress withholding ten (10) percent of the funds that the state would ordinarily receive under 42 U.S.C. § 3765, the Omnibus Crime Control and Safe Streets Act of 1968. 42 U.S.C. § 14071(g)(2)(A). The Kentucky General Assembly responded by adopting a version of Megan's Law, the Kentucky Sex Offender Registration Act, codified as KRS 17.500, *et seq*, which requires persons to register as sex offenders in certain circumstances after being convicted of a sex crime.

Specifically, KRS 17.510(6) imposes the following duty to register:

Any person who has been convicted in a court of any state or territory, a court of the United States . . . of a sex crime or criminal offense against a victim who is a minor and who has been notified of the duty to register by that state, territory or court, . . . shall comply with the registration requirement of this section, including the requirements of subsection (4) of this section, and shall register with the appropriate local probation and parole office in the county of residence within five (5) working days of relocation. No additional notice of the duty to register shall be required of any official charged with a duty of enforcing the laws of this Commonwealth.

KRS 17.510(6). Thus, anyone convicted of "a sex crime or criminal offense against a victim who is a minor" is required to follow the registration requirements of KRS 17.510. Pursuant to KRS 17.500(3)(a)(8), a "criminal offense against a victim who is a minor" includes the crime of sexual abuse, as set forth in KRS 510.120.

Jensen was convicted of Sexual Abuse in the Second Degree by complicity (pursuant to KRS

5

502.020 and KRS 520.120) due to her failure to fulfill her legal duty to protect her daughter from sexual abuse as required by KRS 620.010. Kentucky law defines Sexual Abuse in the Second Degree as follows:

> (1) A person is guilty of sexual abuse in the second degree when:
>     . . .
>
> > (b)    He or she subjects another person who is less than fourteen (14) years old to sexual contact. . . .

KRS 510.120(1)(b). Kentucky's complicity statute, KRS 502.020, states in pertinent part:

> (1) A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he:
>     . . .
>
> > (c) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so. . . .

KRS 502.020(1)(c). Jensen's legal duty to prevent the commission of the sexual abuse arises from Kentucky's Unified Juvenile Code, KRS 620, *et seq*., which provides that a child has "certain fundamental rights which must be protected and preserved, including but not limited to, . . . the right to be free from physical, sexual or emotional injury or exploitation. . . ." KRS.620.010. According to Kentucky courts, this statute "creates an affirmative duty for the parent of a child to prevent such physical injury which would result in an assault on that child." *Lane v. Commonwealth*, 956 S.W.2d 874, 875 (Ky. 1997).

Jensen argues that because she did not actively participate in the sexual abuse, but rather only passively allowed it to occur, her conviction for complicity to commit sexual abuse does not fall within the ambit of offenses which require sex offender registration. Kentucky courts, however, disagree. In *Parks v. Commonwealth*, 192 S.W.3d 318, 326 (Ky. 2006), the Kentucky Supreme

6

Court distinguished complicity liability from liability for an inchoate offense, such as criminal facilitation, which carries a reduced penalty because the underlying offense was never actually committed. *See* KRS 506.080. The Kentucky Supreme Court explained that "unlike an inchoate offense, 'KRS 502.020 does not create a new offense known as complicity.'" *Id*. at 326 (citing *Commonwealth v. Caswell*, 614 S.W.2d 253, 254 (Ky. App. 1981)). Rather, as stated earlier by the Kentucky Supreme Court in *Wilson v. Commonwealth*, 601 S.W.2d 280, 286 (Ky. 1980), "one who is found guilty of complicity to a crime occupies the same status as one being guilty of the principal offense."

The fact that Jensen's conduct was passive, or negligent as she claims, is irrelevant to this analysis. Kentucky courts are clear that complicity to commit an offense makes the defendant guilty of the subsequent offense and subject to the same penalties. Moreover, in *Lane*, the Kentucky Supreme Court stated that based on the parental duty statute, KRS 620.010, "conduct based on the failure to act where there is a legal duty to act is still punishable pursuant to KRS 502.020(1)(c). The legislature has clearly expressed their intent to punish those who through passive conduct allow physical injury to children." *Lane*, 956 S.W.2d at 876.

Although KRS 17.500 does not specifically enumerate complicity to commit sexual abuse in the second degree as an offense which requires sex offender registration, KRS 17.500(3)(a)(8) does include sexual abuse (KRS 510.120) within the crimes requiring registration. Because under Kentucky law an individual convicted of complicity to commit sexual abuse occupies the same status as one convicted of sexual abuse, Jensen must register as a sex offender in Kentucky. While Jensen argues that public policy mandates otherwise, Kentucky law is clear. As a result, we hold that the district court did not err in requiring Jensen to register as a sex offender under Kentucky law.

7

## IV.

For the reasons set forth above, we affirm the judgment of the district court.