RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0430-MR

AARON M. ADAMS                                                    APPELLANT


APPEAL FROM KENTON CIRCUIT COURT
v.        HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 18-CR-00604


COMMONWEALTH OF KENTUCKY                                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  Aaron Adams appeals from an order of the Kenton

Circuit Court which denied his motion alleging ineffective assistance of trial

counsel.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On March 30, 2018, Appellant appeared at the residence of his ex-

girlfriend and assaulted, raped, and sodomized her.  He was swiftly arrested at the

scene.  On May 31, 2018, a grand jury indicted Appellant on the following

criminal counts: rape in the first degree,[1] sodomy in the first degree,[2] burglary in the second degree,[3] and assault in the fourth degree.[4] On May 7, 2019, Appellant entered a guilty plea to the rape, sodomy, and assault charges. He was later sentenced to fifteen years in prison.[5]

On October 25, 2021, Appellant filed a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 in which he raised various allegations of ineffective assistance of counsel. The trial court denied Appellant's motion without a hearing and this appeal followed.

## STANDARD OF REVIEW

In general, to prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

---

[1] Kentucky Revised Statutes (KRS) 510.040.

[2] KRS 510.070.

[3] KRS 511.030.

[4] KRS 508.030.

[5] Pursuant to the plea agreement, the burglary charge was dismissed.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved

unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689-90, 104 S. Ct. at 2065-66 (citations omitted).

We must also consider other issues due to Appellant's guilty plea.

A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the

-4-

record reveals that the plea was voluntarily made."
While "[s]olemn declarations in open court carry a strong
presumption of verity," "the validity of a guilty plea is
not determined by reference to some magic incantation
recited at the time it is taken[.]" The trial court's inquiry
into allegations of ineffective assistance of counsel
requires the court to determine whether counsel's
performance was below professional standards and
"caused the defendant to lose what he otherwise would
probably have won" and "whether counsel was so
thoroughly ineffective that defeat was snatched from the
hands of probable victory." Because "[a] multitude of
events occur in the course of a criminal proceeding which
might influence a defendant to plead guilty or stand
trial," the trial court must evaluate whether errors by trial
counsel significantly influenced the defendant's decision
to plead guilty in a manner which gives the trial court
reason to doubt the voluntariness and validity of the plea.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001) (citations omitted).

Where the trial court does not hold an evidentiary
hearing on an RCr 11.42 motion, appellate review is
limited to "whether the motion on its face states grounds
that are not conclusively refuted by the record and which,
if true, would invalidate the conviction." An evidentiary
hearing is only required "if there is a material issue of
fact that cannot be conclusively resolved, *i.e.*,
conclusively proved or disproved, by an examination of
the record."

*Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019) (citations

omitted).

## ANALYSIS

While Appellant raised multiple ineffective assistance of counsel

issues before the trial court, he only argues one before this Court. Appellant

claims that his trial counsel was ineffective for failing to raise the issue of Appellant's competency before allowing Appellant to enter into a guilty plea. Appellant argues that on the night of the attack on the victim, he was under the heavy influence of drugs and alcohol and does not remember most of what transpired. He also alleges that he has anger issues that cause him to act out as though a "switch has been flipped." He also argues that he has other historical mental health issues. Appellant claims that all of these factors should have caused trial counsel to move to have Appellant tested for competency to stand trial.

The trial court found that trial counsel was not ineffective as to this issue and we agree.

> The prosecution of a criminal defendant who is incompetent to stand trial is a violation of due process of law under the Fourteenth Amendment. Further, the competency to plead guilty and the competency to stand trial are identical. Incompetency to stand trial is defined as where, because of a mental condition, the defendant lacks the capacity to appreciate the nature and consequences of the proceedings against him or to participate rationally in his own defense.

*Smith v. Commonwealth*, 244 S.W.3d 757, 760 (Ky. App. 2008) (citations omitted). Here, the trial court and Appellant entered into a thorough plea colloquy. The trial judge asked Appellant whether he was content with his trial counsel's representation, aware of the charges against him, aware of possible defenses, and aware of possible consequences. Appellant answered all these questions in the

affirmative. In addition, during the sentencing hearing, Appellant took responsibility for his crimes and recognized the harm caused to his victim. Furthermore, we do not believe that temporary and voluntary intoxication on the night of the criminal activity equates with incompetency to stand trial. Nor do we believe that anger issues and unproven, past mental health issues equate to incompetency.

## CONCLUSION

All the evidence in the record before us indicates that Appellant was competent to stand trial and was not under the influence of debilitating mental conditions. Appellant's trial counsel was not acting "below professional standards" when he failed to request a competency evaluation. An evaluation was unnecessary based on the facts before us; therefore, the trial court did not err in denying Appellant's RCr 11.42 motion without holding an evidentiary hearing.

ALL CONCUR.

BRIEF FOR APPELLANT:

Aaron M. Adams, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky