**Terry GRAVES, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–000901–MR.

Court of Appeals of Kentucky.

Feb. 20, 2009.

Ordered Published April 3, 2009.

Terry Graves, LaGrange, KY, pro se.

Jack Conway, Attorney General of Kentucky, Christian K.R. Miller, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON and NICKELL, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

NICKELL, Judge.

Terry Graves (Graves), *pro se*, appeals from an order of the Monroe Circuit Court entered on April 16, 2008, overruling his CR 60.02(f) Double[2] motion to set aside his wanton murder conviction and twenty-year sentence. He claims he was denied

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Kentucky Rules of Civil Procedure (CR) 60.02(f) reads:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon ... (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time[.]

due process because the court ordered him to submit to a comprehensive psychiatric evaluation but did not hold a statutorily mandated competency hearing before accepting his guilty plea. After reviewing the record certified for our consideration, we affirm.

The record is short and the facts succinct. Graves describes himself as a 45–year–old black man with a history of mental disease, schizophrenia, paranoia, low intelligence, schooling via special education classes and functional illiteracy. He claims he has been hospitalized for psychotic disorders on multiple occasions and is classified as mentally handicapped by the Social Security Administration.

He was charged with murder in 1999. On defense counsel's motion, the trial court ordered him to undergo a psychiatric evaluation which concluded he was competent to stand trial. The court did not conduct a separate competency hearing as required by KRS 504.100(3), but questioned Graves and his attorney at length about Graves' competency to stand trial during the guilty plea hearing. The only health problem Graves mentioned was diabetes, and defense counsel told the court Graves understood the lesser included offenses for the charge as well as any possible defenses. Without any request for an additional competency hearing, Graves said, "Guilty" when the court asked if he was ready to proceed and responded affirmatively each time the court asked him whether he understood the proceedings. Thereafter, the court accepted Graves' guilty plea to the charge of wanton murder and on September 6, 2000, consistent with the Commonwealth's recommendation, for-

mally sentenced him to serve a term of twenty-years imprisonment.

According to the index to the circuit court record, Graves filed a notice of appeal, designation of record and motion for appointment of counsel on December 18, 2002. The focus of that appeal, which was dismissed by this Court on March 7, 2003, is unclear from the record certified to us.

No other activity occurred in the case until February 2008 when Graves sent a letter to the Monroe Circuit Clerk requesting copies of various items from the record. Then, on April 1, 2008, more than seven years after pleading guilty to wanton murder, Graves filed a *pro se* CR 60.02(f) motion asking the court to set aside his conviction because the trial court had accepted his plea and sentenced him without conducting the statutorily mandated competency hearing and fully exploring his lifelong medical and psychiatric history. Graves claims he was told he would be pleading guilty to "something closer to manslaughter or reckless homicide carrying sentences far less than he actually pled to." As proof, Graves alleged the videotape of the guilty plea colloquy showed he was "not cognizant of the proceeding" and he was "medicated at the time of the hearing."

On April 16, 2008, without holding an evidentiary hearing, the Monroe Circuit Court overruled Graves' motion to set aside the conviction because: 1) the evaluator had determined Graves was competent to stand trial; 2) the court's own review of the videotaped guilty plea had confirmed the sentencing judge[3] had fully explored Graves' competency to stand trial during a *Boykin*[4] hearing; 3) the sentenc-

---

3. Circuit Judge James Weddle presided over Graves' guilty plea hearing and final sentencing. Circuit Judge Eddie C. Lovelace overruled Graves' motion to set aside the conviction.

4. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

ing judge's detailed questioning of both Graves and his attorney convinced him the sentencing judge had no doubt about Graves' competency to stand trial; 4) there was no request by defense counsel or Graves for an additional hearing at the time the guilty plea was entered; and, 5) the claim was not asserted within a reasonable time.

On April 29, 2008, Graves filed a notice of appeal to this court. Accompanying the notice was a designation of record specifying the record on appeal was to include the "entire Court Clerk's Record" and in particular:

2). Transcripts of all proceedings whether mechanically, electronically, or stenographically recorded and reproduced.

3). Any transcribed hearings.

4). All records, pleadings, motions, responses and the Court's Ruling or Final disposition of same.

5). Notification to the Court of Appeals of Kentucky that the Records have been Certified and are ready for mailing.

On May 12, 2008, the Department of Public Advocacy (DPA) was appointed to represent Graves. On May 28, 2008, the Monroe Circuit Court Clerk certified the appellate record as being non-video and containing only thirty-eight pages.[5] On July 31, 2008, after reviewing the record, DPA moved to withdraw from the case upon determining a reasonable person with adequate means would not pursue the appeal. KRS 31.110(2)(c). On August 21, 2008, this Court granted DPA's motion to withdraw. This *pro se* appeal follows.

Graves alleges his guilty plea was invalid because the trial court did not hold a separate competency hearing. In contrast, the Commonwealth urges us to affirm the court's order overruling the motion to set aside the conviction because: 1) Graves has not provided an adequate record for our review; 2) the trial court sufficiently questioned Graves and his attorney during the *Boykin* hearing to dispel any doubt about Graves' competency before accepting his guilty plea; and, 3) Graves' motion to set aside the judgment was not filed within a reasonable amount of time.

 Whether to deny a CR 60.02 motion is within the sound discretion of the trial judge. *Schott v. Citizens Fidelity Bank & Trust Co.*, 692 S.W.2d 810, 814 (Ky.App.1985). In reviewing a trial court's denial of relief under CR 60.02(f), we will reverse only for an abuse of discretion. *Dull v. George*, 982 S.W.2d 227, 229 (Ky. App.1998). We now affirm the trial court's order overruling the motion to set aside.

 We begin by commenting on the state of the record. It is the responsibility of the appellant to present a complete record to this Court for review. *Chestnut v. Commonwealth*, 250 S.W.3d 288, 303 (Ky.2008). When the record is incomplete, we assume the omitted record supports the trial court's decision. *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985) (citing *Commonwealth, Dept. of Highways v. Richardson*, 424 S.W.2d 601, 604 (Ky.1968)). Graves, who is acting *pro se*, has asked that we hold him to a lesser standard than we impose upon attorneys. However, the requirement that we have a complete record to review is critical and has been applied to *pro se* litigants. *Patton v. Commonwealth*, —— S.W.3d ——,

---

5. The record on appeal begins with "Volume 2" and does not contain any pleadings or documents leading to or surrounding the ordering of the competency evaluation or the guilty plea. It also does not contain the videotape of the guilty plea that Graves, appointed counsel and the judge who overruled the CR 60.02(f) motion have viewed and referenced.

2007 WL 3121276 (Ky.App.2007); *Moody v. Commonwealth*, 170 S.W.3d 393, 398 (Ky.2005).

■ We recognize Graves tried to put a complete record before us by designating the appellate record to include "[t]he entire Court Clerk's Record." However, the record certified by the clerk does not contain all the items Graves designated. Graves may have been unaware of this discrepancy when he filed his opening brief, but he was certainly aware of it when he received the Commonwealth's brief because he commented on it in his reply brief. As suggested by the Commonwealth, Graves could have (and should have) filed a motion to supplement the record with the missing items but he did not. As a result, meaningful review by us is hampered, if not impossible, and we will assume any missing items, such as the competency evaluation order and the videotape of the guilty plea colloquy, support entry of an intelligent, voluntary and knowing plea. *Chestnut, supra,* 250 S.W.3d at 303.

■ The crux of Graves' claim is that the trial court ordered him to undergo a competency exam but then failed to conduct a competency hearing as required by KRS 504.100(3). When a trial court does not hold a competency hearing, "our standard of review is whether a reasonable judge, situated as was the trial court judge, should have experienced doubt in regard to the defendant's competency to stand trial." *Smith v. Commonwealth,* 244 S.W.3d 757, 760 (Ky.App.2008) (citing *Mills v. Commonwealth,* 996 S.W.2d 473, 486 (Ky.1999)). Due to the incomplete record, we do not know what prompted the court to order the exam, perhaps it did so solely on the strength of defense counsel's request as was the case in *Smith, supra,* 244 S.W.3d at 759. We do know, based on the order overruling the motion to set aside, that the evaluator concluded Graves was competent to stand trial, there was no request for a separate competency hearing by either Graves or defense counsel, and the court conducted a *Boykin* hearing during which Graves' competency was explored with both Graves and his attorney.

■ Graves has not identified any alleged errors made by the evaluator, nor has he suggested how live testimony from the psychologist at a hearing would have cast doubt on his competency to stand trial. Furthermore, he has not demonstrated he lacked the "capacity to appreciate the nature and consequences of the proceedings against [him] or to participate rationally in [his] own defense." KRS 504.060(4). Thus, he has not shown he was incompetent to stand trial.[6]

*Conley v. Commonwealth,* 569 S.W.2d 682, 685–86 (Ky.App.1978), addressing an RCr[7] 11.42 motion under similar facts, is highly instructive:

> The criminal rules allow the trial judge a wide latitude in determining in the first instance whether or not to require that the accused be examined. The question therefore remains whether or not there were such "reasonable grounds" as to require the trial court to order additional proceedings on the appellant's competency to stand trial. *Pate [v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) ] and *Matthews [v. Commonwealth,* 468 S.W.2d 313 (Ky.1971) ] require a hearing when such doubt exists. If it is not obvious, it must be called to

---

**6.** Competency to stand trial is identical to competency to plead guilty. *Thompson v. Commonwealth,* 56 S.W.3d 406, 408 (Ky. 2001).

**7.** Kentucky Rules of Criminal Procedure.

the attention of the trial court. In this case, the appellant raised the question, but when the psychiatric report indicated appellant could stand trial, this fact was apparently accepted by all. No evidentiary hearing was ever requested, and the only additional request for inquiry was again made by the appellant and for the sole purpose of determining his sanity at the time he committed the murder. *See also, Blankenship v. Commonwealth,* Ky.App., 554 S.W.2d 898 (1977).

The trial judge had no "reasonable doubt" concerning the appellant's sanity to stand trial or to plead guilty. He questioned him and observed him, and had considered the doctor's report. There were no obvious "grounds" as there were in the case of *Via v. Commonwealth,* Ky., 522 S.W.2d 848 (1975). If the trial judge ever had any personal doubt about appellant's sanity, it was reasonably removed by the facts presented in the report and by the conclusion in the report.

.... Furthermore, we are not inclined to rule that an evidentiary hearing must be held in any and every case where one has been examined by a psychiatrist on a question of sanity to stand trial, especially when the result of the examination is negative and when no additional request is made for further examination on the same question, and when no additional request is made for a hearing. Any such request must be made before the trial or guilty plea.

Considering the scant facts presented to us, the totality of the circumstances, and the strength of *Conley,* we see no reason to think the sentencing court had any doubt about Graves' competency.

 Finally, we comment on the timing of the motion to set aside the conviction. A motion made pursuant to CR 60.02(f) must be brought within a "reasonable time" and will be granted only when there are "extraordinary circumstances justifying relief." *Reyna v. Commonwealth,* 217 S.W.3d 274, 276 (Ky.App.2007). Graves has not demonstrated extraordinary circumstances, nor has he explained the more than seven-year delay in moving to set aside his wanton murder conviction. In *Reyna,* a delay of only four years was deemed unreasonable. Here, Graves' waited nearly twice that long to assert his guilty plea was invalid. We hold the court below did not abuse its discretion.

For the foregoing reasons, we affirm the order of the Monroe Circuit Court overruling the motion to set aside Graves' wanton murder conviction.

ALL CONCUR.