RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1425-MR

JEREMY CARAWAY ..................................................... APPELLANT

APPEAL FROM HARLAN CIRCUIT COURT
v.      HONORABLE KENT HENDRICKSON, JUDGE
ACTION NO. 11-CR-00182

COMMONWEALTH OF KENTUCKY ..................................................... APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND GOODWINE, JUDGES.

CETRULO, JUDGE: In this criminal post-conviction action, Appellant Jeremy Caraway ("Caraway"), *pro se*, appeals from the Harlan Circuit Court order denying his motion for relief pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02. For the reasons set forth below, we affirm.

# I. BRIEF HISTORY

In May 2011, Caraway was the pastor at Loyall Church of God in Loyall, Kentucky. At that time, Sherry[1] was a thirteen-year-old parishioner. Members of Sherry's family discovered inappropriate text messages on her cell phone from Caraway, and her family contacted law enforcement. In July 2011, the Harlan County Grand Jury indicted Caraway on nine counts involving allegations of sexual misconduct. After a jury trial, one acquittal, varying dismissals, and numerous appeals,[2] only two counts survived: Caraway remains convicted of Count III (sodomy in the second degree) and Count V (sexual abuse in the first degree). He received a sentence of five years' imprisonment on each count, served consecutively, for a total sentence of 10 years. In May 2021, Caraway filed a motion to vacate his judgment pursuant to CR 60.02 (d), (e), and (f).[3] The trial court denied the motion; Caraway appealed.

---

[1] "Sherry" is the pseudonym given to the minor during the direct appeal. *Caraway v. Commonwealth*, 459 S.W.3d 849, 850 (Ky. 2015).

[2] Before a May 2013 trial, the court dismissed one count. At the close of evidence, the prosecutor agreed not to pursue three other counts. Then, a jury found Caraway guilty of four counts but acquitted him of one. Caraway's direct appeal was unsuccessful, and the Kentucky Supreme Court affirmed his conviction. *Caraway*, 459 S.W.3d 849. Caraway's motion to vacate pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 resulted in this Court vacating and remanding two counts. *Caraway v. Commonwealth*, No. 2016-CA-001386-MR, 2017 WL 4464333 (Ky. App. Oct. 6, 2017). The trial court dismissed those two counts. This appeal addresses Counts III and V.

[3] Caraway also listed CR 60.03 in the header of the "Supplement To Be Added to the Civil Complaint of Void Judgment And Motion to Vacate Sentence," but he made no legal argument relating to that rule. As a result, the trial court did not address CR 60.03, nor shall we.

## II.    STANDARD OF REVIEW

CR 60.02 motions are applicable to criminal cases pursuant to RCr 13.04, and criminal defendants may use this rule to present additional issues not specifically available through direct appeals. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). We review the denial of a CR 60.02 motion under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Absent a "flagrant miscarriage of justice[,]" we will affirm the trial court. *Gross*, 648 S.W.2d at 858.

## III.    ANALYSIS

Caraway presented a convoluted argument to the trial court, but he essentially argued that the court should vacate his sentence because the charges were based upon events that were separate and distinct from those events presented to the grand jury for his indictment. Specifically, Caraway argued the grand jury indictment was based upon sexual conduct that allegedly took place inside a room at the church in Loyall, Kentucky, but the trial testimony and jury instructions indicated that the illicit contact took place ten miles from the church in Cawood, Kentucky. Additionally, he argued that his trial and appellate attorneys were

ineffective for failing to challenge jury instructions and venue.  Caraway sought

relief under CR 60.02, which states:

> On motion a court may, upon such terms as are just,
> relieve a party or his legal representative from its final
> judgment, order, or proceeding upon the following
> grounds:  . . . (d) fraud affecting the proceedings, other
> than perjury or falsified evidence; (e) the judgment is
> void, or has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed
> or otherwise vacated, or it is no longer equitable that the
> judgment should have prospective application; or (f) any
> other reason of an extraordinary nature justifying relief.

In its order denying the CR 60.02 motion, the trial court found that (1)

the indictment met the requirements of RCr 6.10; (2) the varying locations

presented to the grand jury and at trial – Loyall and Cawood – are both in Harlan

County and therefore did not present a jurisdictional conflict for the trial court; and

(3) the CR 60.02 motion was untimely.  On appeal, Caraway presents much of the

same argument that he presented to the trial court – essentially challenging the

validity of the indictment – but he fails to understand, apply, or properly defend the

procedural structure he is attempting to implement.[4]  While *pro se* litigants are

sometimes held to less stringent standards than lawyers in drafting formal

pleadings,  *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594, 596, 30 L. Ed. 2d

---

[4] Caraway also includes a preservation argument based on his misinterpretation of the rules of appellate procedure; under CR 76.12, the *appellant* must preserve an argument for appeal, but the *appellee* does not need to preserve a counter argument.

652 (1972), Caraway's appeal fails mightily to meet the requirements of a CR 60.02 motion.

First, Caraway brought this CR 60.02 motion under subsections (d), (e), and (f), which require that the "motion shall be made within a reasonable time[.]" CR 60.02. What constitutes a reasonable time is a matter left to the discretion of the trial court. *Gross*, 648 S.W.2d at 858. Here, a final judgment was entered against Caraway in 2013; Caraway filed the present motion in 2021. The trial court found that Caraway waived his right to challenge the indictment by failing to raise the issue sooner. We agree. **Eight years** does not constitute a "reasonable time" under CR 60.02 (d), (e), and (f), especially considering Caraway could have had access to the grand jury indictment during discovery and heard Sherry's testimony during the 2013 trial. *See Graves v. Commonwealth*, 283 S.W.3d 252 (Ky. App. 2009), where a **seven-year** delay between sentence and motion for relief from judgment of conviction was unreasonable. *See also Reyna v. Commonwealth*, 217 S.W.3d 274, (Ky. App. 2007), where a defendant's motion to vacate judgment of conviction on grounds of extraordinary circumstances that he was not informed of deportation consequences of his guilty plea, **four years** after he entered his guilty plea, was untimely. Caraway attempted to explain his delay by stating that he did not receive the grand jury proceedings until June 2019. However, we find that argument unpersuasive – even confusing – because he also

-5-

argues that he relied on that grand jury evidence to his detriment; he stated when Sherry testified at trial – as to the "new" location of the illicit actions – he was "blindsided" and "unprepared." If he did not receive the grand jury specifics until 2019, how did he rely on them to his detriment in 2013? Additionally, if Caraway was "blindsided" at trial by the change in location, he should have raised the issue at that time. "[A]t any time *while the case is pending*, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense[.]" RCr 8.18(1)(b) (emphasis added). *See also Thomas v. Commonwealth*, 931 S.W.2d 446, 450 (Ky. 1996) ("As [appellant's] indictment gave the court jurisdiction and charged an offense, he has waived any defects in his indictment by not bringing those defects to the attention of the trial judge.").

Further, "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete." *Gross*, 648 S.W.2d at 856. A CR 60.02 motion may be used to present additional claims not specifically available through direct appeals or RCr 11.42 motions. *Gross*, 648 S.W.2d at 856. On direct appeal, Caraway challenged juror selection, the admissibility of additional character evidence, and credit for time served. *Caraway*, 459 S.W. 3d 849. Then, Caraway appealed, through a motion pursuant to RCr 11.42, ineffectiveness of counsel as it related to jury instructions, jurisdiction, and venue. *Caraway*, 2017 WL 4464333. For an

additional appeal to be successful under CR 60.02, Caraway needed to demonstrate why he is entitled to special, extraordinary relief. CR 60.02. Also, he "must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) (citing *Gross*, 648 S.W.2d at 856). Here, Caraway has not come close to this standard. Therefore, he does not get another bite at that appellate apple.

Finally, the trial court should be afforded deference under the abuse of discretion standard of review, and we discern no such abuse. *See Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996) (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the order of the Harlan Circuit Court denying relief under CR 60.02.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeremy Caraway, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky