RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0720-MR

JAMES A. LANE                                                          APPELLANT

                         APPEAL FROM CHRISTIAN CIRCUIT COURT
v.                    HONORABLE JOHN L. ATKINS, JUDGE
                         ACTION NO. 05-CR-00170

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  James Lane appeals from the Christian Circuit Court's

denial of his Kentucky Rule of Civil Procedure (CR) 60.02 motion for post-

conviction relief.  We affirm.

        After a four-day trial held in 2006, a jury found Lane guilty of murder

but acquitted him of robbery.  The trial court sentenced Lane to life imprisonment,

and our Supreme Court affirmed. *Lane v. Commonwealth*, No. 2006-SC-000679-MR, 2009 WL 160368 (Ky. Jan. 22, 2009) (*Lane I*).

Lane later sought post-conviction relief under Kentucky Rule of Criminal Procedure (RCr) 11.42 based upon allegations his counsel had been ineffective. The trial court conducted an evidentiary hearing, at which Lane's former counsel testified, before denying Lane's motion. We affirmed. *Lane v. Commonwealth*, No. 2014-CA-001889-MR, 2016 WL 4709191, at *2 (Ky. App. Sep. 9, 2016) (*Lane II*). Our Supreme Court denied discretionary review and the United States Supreme Court denied Lane's petition for certiorari. *Lane v. Kentucky*, ___ U.S. ___, 138 S. Ct. 556, 199 L. Ed. 2d 440 (2017).

In October 2020, over four years after our decision in *Lane II*, Lane submitted the pending motion under CR 60.02 and 60.03. According to the docket sheet, the Commonwealth filed a response. However, neither Lane's motion nor the Commonwealth's response is included in the record before us. Without first holding a hearing, the trial court denied Lane's CR 60.02 and 60.03 motion in May 2021 on timeliness grounds. Lane then filed this appeal.

The only substantive item in the record certified to us is the trial court's order denying Lane's motion. We have **nothing** before us from Lane's underlying criminal proceedings or his RCr 11.42 proceedings. The certified record does not even contain Lane's CR 60.02 and 60.03 motion. Due to the

nearly complete lack of a circuit court record, "meaningful review by us is hampered, if not impossible . . . ." *Graves v. Commonwealth*, 283 S.W.3d 252, 256 (Ky. App. 2009) (an appeal from the denial of a CR 60.02 motion). Of course, as the Appellant and despite his *pro se* status, Lane bears the burden "to present a complete record to this Court for review." *Id.* at 255.

Lane failed to meet that burden. First, his idiosyncratic designation of record was insufficient. In its entirety, Lane's designation provides: "Appellant, James A. Lane, pro se, hereby designates to be transcribed under CR 75.01, and to be included as part of the record on appeal, all untranscribed proceedings and hearings (including trial) held in this action." Record (R.) at 16. But there are no untranscribed materials, such as audio recordings of district court proceedings, at issue. Thus, as a practical matter, Lane's designation of record did not really designate anything to be included in the certified record and so the lack of a record is directly attributable to Lane.

Second, Lane did not later seek to supplement the record. Lane knew, or reasonably should have known, the record was virtually non-existent well before he filed his initial brief. The June 2021 certification of the record issued by the Christian Circuit Court Clerk showed that the record was only 31 pages and contained no audio or video recordings. Nonetheless, Lane did not move to supplement the record before submitting his initial brief in 2022. Even after the

Commonwealth's brief mentioned the scant record, Lane did not move to supplement it and instead submitted his reply brief.

Even an appellant who submits a proper certification must be vigilant to ensure that we receive the record. As we held in *Graves*:

> We recognize Graves tried to put a complete record before us by designating the appellate record to include '[t]he entire Court Clerk's Record.' However, the record certified by the clerk does not contain all the items Graves designated. Graves may have been unaware of this discrepancy when he filed his opening brief, but he was certainly aware of it when he received the Commonwealth's brief because he commented on it in his reply brief. As suggested by the Commonwealth, Graves could have (and should have) filed a motion to supplement the record with the missing items but he did not. As a result, meaningful review by us is hampered, if not impossible, and we will assume any missing items . . . support entry of an intelligent, voluntary and knowing plea.

*Graves*, 283 S.W.3d at 256.

We must conduct our review based on the extremely limited record before us, to the extent we may. In so doing, we presume the trial court's decision is supported by the missing parts of the record. *Id.* at 255. Here, other than the trial court's decision, the entire substantive record is missing.

Lane did attach what purports to be a copy of his combined CR 60.02 and 60.03 motion to his reply brief. But we cannot consider that attached motion because a party cannot attach to its briefs matters which do not appear in the

certified appellate record. CR 76.12(4)(c)(vii) ("Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs."); *Parker v. Commonwealth*, 641 S.W.3d 197, 200 n.3 (Ky. App. 2022) (declining to consider a motion attached to a brief which was not contained in the certified record); *Brooks v. Byrd*, 487 S.W.3d 913, 920 (Ky. App. 2016) ("While the final order appended to Brooks' brief is technically in the Court of Appeals record because she attached it to her brief, it is *not* properly before us because it is not part of the certified record. Our review is limited to the certified record before us.").

Where does that leave us? ***All*** we have is the trial court's order denying Lane's motion. Given that we must presume that everything else in the record supports the trial court's holding, we cannot discern from that facially proper order alone that Lane is entitled to relief.

We would affirm, even if we had a more robust record. CR 60.02(d) permits relief upon a showing of fraud, which Lane hazily alleges occurred due to his attorney's failure to inform Lane of the attorney's own pending criminal charges. But a motion seeking relief on the basis of fraud must be "made within a reasonable time. . . ." The same is true of a motion under the catch-all provision of CR 60.02(f), which permits relief upon a showing of "an extraordinary nature justifying relief . . . ." There is no fixed time limit for seeking relief under CR

-5-

60.02(d) or (f); instead, "[w]hat constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

Lane submitted his CR 60.02 motion about fourteen years after he was sentenced and nearly four years since we affirmed the denial of his RCr 11.42 motion in *Lane II*. We cannot closely examine Lane's CR 60.02 motion or the Commonwealth's response because neither is properly in the record before us. But a comparison of *Lane II* and the briefs in this case shows there is overlap in Lane's arguments. In other words, Lane knew of the alleged fraud long before he sought CR 60.02 relief. Indeed, the arguments in his briefs are based on many of the same core grounds which we rejected in *Lane II*. So, the trial court did not abuse its discretion by holding that Lane did not seek CR 60.02 relief within a reasonable time. *See, e.g.*, *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) ("We also believe that the motion, not filed until after Reyna had served his sentence and four years after he entered his guilty plea, was untimely. Although not stated as reason for the denial of his CR 60.02(f), the trial court would certainly have been within its discretion had it held that the motion was not brought within a reasonable time."). Obtaining the complete record would not overcome the belated nature of Lane's motion. And, notwithstanding Lane's argument to the contrary, the trial court was not required to hold a hearing before ruling on this untimely

motion. *Gross*, 648 S.W.2d at 858 ("The Court of Appeals held, and we agree, that in the particular facts of this case, it was not an abuse of discretion to deny the motion without a hearing on the face of the record, because of the 'reasonable time' requirement of CR 60.02.").

Finally, the trial court did not meaningfully analyze Lane's attempt to receive relief under CR 60.03, but it is plain that he is not entitled to relief under that rule. CR 60.03 provides:

> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.

Lane is not entitled to relief under CR 60.03 because his claims were untimely under CR 60.02 – the plain language of CR 60.03 provides that if a claim is fatally untimely under CR 60.02 that claim is also fatally untimely under CR 60.03. Also, Lane did not file the independent action required by CR 60.03. *Jackson v. Commonwealth*, 640 S.W.3d 99, 103 (Ky. App. 2022) ("The plain language of CR 60.03 requires a separate, independent action, which Jackson did

not file."). Our conclusion that Lane is not entitled to CR 60.03 relief thus would not change, even if we had been presented with a proper circuit court record.[1]

For the foregoing reasons, the Christian Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

James A. Lane, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky

---

[1] Our analysis is not precisely the same as that employed by the trial court, but our Supreme Court has held that "[i]f an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds." *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014). We have considered all other issues raised by the parties but deem them irrelevant, redundant or otherwise without merit.