RENDERED: APRIL 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1348-MR

DERWIN NICKELBERRY                                        APPELLANT

v.
APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE LISA P. JONES, JUDGE
ACTION NO. 04-CR-00184-002

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE: Derwin Nickelberry appeals from the Daviess Circuit Court's denial of his Kentucky Rule of Civil Procedure (CR) 60.02 motion for post-conviction relief. We affirm.

In 2004, Nickelberry and a co-defendant were indicted for two counts of robbery in the first degree and one count of kidnapping. In 2007, a jury acquitted Nickelberry of one robbery charge but found him guilty of the other, as

well as the kidnapping charge. In accordance with the jury's recommendation, the trial court sentenced him to twenty years' imprisonment for the robbery and kidnapping convictions, to run consecutively. Our Supreme Court affirmed on direct appeal. *Nickelberry v. Commonwealth*, No. 2007-SC-00711-MR, 2009 WL 735881 (Ky. Mar. 19, 2009).

In 2010, Nickelberry filed a motion for relief under Kentucky Rule of Criminal Procedure (RCr) 11.42, which the trial court denied. We affirmed. *Nickelberry v. Commonwealth*, No. 2010-CA-001708-MR, 2012 WL 1137892 (Ky. App. Apr. 6, 2012). In 2018, Nickelberry filed what amounted to a second RCr 11.42 motion. The trial court denied the motion; we again affirmed. *Nickelberry v. Commonwealth*, No. 2019-CA-0099-MR, 2021 WL 753061 (Ky. App. Feb. 26, 2021).

Nickelberry filed the CR 60.02 motion at hand in 2021, asserting he is entitled to relief pursuant to CR 60.02(b) (newly discovered evidence), (c) (perjury), (d) (fraud), (e) (void judgment), and (f) (permitting relief for "any other reason of an extraordinary nature . . ."). The trial court issued a lengthy order denying the motion without having held a hearing. Particularly relevant to this appeal, the court stated that Nickelberry had filed a previous motion for CR 60.02 relief in 2015. That motion does not appear in the record before us. The court also

noted, among other things, that Nickelberry had raised many arguments previously and the current motion was untimely. Nickelberry then filed this appeal.

"It is within the sound discretion of the trial court whether to grant or deny relief pursuant to CR 60.02. Thus, we will reverse only upon a finding of an abuse of that discretion." *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021). An abuse of discretion occurs only if "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, we will affirm the lower court's decision unless there is a showing of some flagrant miscarriage of justice." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (internal quotation marks and citations omitted).

First, the motion is clearly untimely. Motions seeking relief under CR 60.02(b) and (c) must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Nickelberry's trial was in 2007 and the opinion affirming on direct appeal was issued in 2009. Nickelberry did not file the CR 60.02 motion at hand until 2021, so it is plainly untimely to the extent it seeks relief under CR 60.02(b) or (c).[1]

---

[1] The trial court mentioned the untimeliness of the motion but also relied on other grounds. We may use the motion's obvious tardiness to affirm the denial of relief, even if the trial court relied upon additional, or different, grounds. *See, e.g.*, *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) ("Although not stated as [a] reason for the denial of his CR 60.02(f) [motion], the trial court would certainly have been within its discretion had it held that the motion was not brought within a reasonable time."). *See also McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n.19 (Ky. 2009) ("The fact that the trial court's decision to deny the motion to suppress was

There is no rigid deadline for seeking relief under CR 60.02(d), (e), or (f). *See*, *e.g.*, *Priddy*, 629 S.W.3d at 18; *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). But, as the trial court noted, Nickelberry raises issues which could – and should – have been raised previously. Nickelberry filed this motion roughly fourteen years after the trial, twelve years after our Supreme Court affirmed on direct appeal, and nine years after we affirmed the denial of his first RCr 11.42 motion. CR 60.02 motions filed with significantly shorter delays have been deemed untimely. *See*, *e.g.*, *Reyna*, 217 S.W.3d at 276 (four-year delay unreasonable); *Graves v. Commonwealth*, 283 S.W.3d 252, 257 (Ky. App. 2009) (seven-year delay unreasonable). In sum, notwithstanding Nickelberry's vehement arguments to the contrary, the motion is untimely.

Second, the motion is fatally successive. As our Supreme Court explained, "[a]t each stage . . . the defendant is required to raise all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at any later stage." *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010). Although Nickelberry disagrees, he has not explained how the trial court erred by concluding that many, if not all, of the issues presented in this motion could reasonably have been raised

based upon different reasoning . . . does not alter our result because it is well-settled that an appellate court may affirm a lower court for any reason supported by the record.").

in his previous post-conviction motions. Indeed, as the trial court noted, Nickelberry *has* previously raised many, if not all, of these same core issues.

Finally, this apparently is Nickelberry's second CR 60.02 motion. The filing of multiple CR 60.02 motions is not permitted. *Foley*, 425 S.W.3d at 884 ("CR 60.02 does not permit successive post-judgment motions . . . .").[2]

In sum, Nickelberry's current motion was filed late and impermissibly contains issues which were, or reasonably could and should have been, raised earlier. *Owens v. Commonwealth*, 512 S.W.3d 1, 14 (Ky. App. 2017) ("A defendant may not raise under the guise of CR 60.02 issues which could reasonably have been presented by direct appeal or RCr 11.42 proceedings.") (internal quotation marks and citation omitted). Thus, the trial court did not abuse its discretion by denying the motion without holding a hearing. *Gross*, 648 S.W.2d at 858 ("The Court of Appeals held, and we agree, that in the particular facts of this case, it was not an abuse of discretion to deny the motion without a hearing on the face of the record, because of the 'reasonable time' requirement of CR 60.02.").

For the foregoing reasons, the Daviess Circuit Court is affirmed.

---

[2] Nickelberry's first CR 60.02 motion is curiously not in the record before us, but he has not disputed the trial court's statement that he filed such a motion in 2015. Also, page one is missing from the Commonwealth's brief. Since that page presumably discusses the case's lengthy procedural history, its absence impeded our ability to find relevant documents expeditiously in the voluminous record. We urge the Commonwealth to make sure such an error does not recur.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Derwin I. Nickelberry, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky