RENDERED:  MAY 16, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0354-MR

ALAN BARNETT                                                    APPELLANT

v.        APPEAL FROM KENTON CIRCUIT COURT
          HONORABLE PATRICIA M. SUMME, JUDGE
          ACTION NO. 14-CR-00375

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Acting *pro se*, Alan Barnett appeals from the Kenton Circuit Court's denial of his second motion for postconviction relief under Kentucky Rule of Civil Procedure (CR) 60.02.  We affirm.

In 2014, Barnett was indicted for sodomy in the first degree, sodomy in the second degree, and two counts of sexual abuse in the first degree.  In 2016, Barnett and the Commonwealth reached a plea agreement which called for Barnett

to plead guilty to sodomy in the first degree, for which he would be sentenced to seventeen years' imprisonment, and the remaining charges would be dismissed. The trial court accepted Barnett's guilty plea and ordered the preparation of a presentence investigation report (PSI).

Later in 2016, the trial court conducted a sentencing hearing. The court asked Barnett's counsel if she and Barnett had reviewed the PSI; counsel responded affirmatively. The court then asked whether Barnett wished to make any corrections to that document; counsel responded negatively. Barnett said nothing to indicate he disagreed. The court then sentenced Barnett to seventeen years' imprisonment, as per the plea agreement.

In 2021, Barnett filed his first CR 60.02 motion, arguing his conviction was void because his court-appointed counsel had an excessive caseload, which Barnett characterized as having perpetuated a fraud upon the court. The trial court concluded the motion was untimely and that Barnett should have raised the claims earlier in a motion brought under Kentucky Rule of Criminal Procedure (RCr) 11.42. Finally, the court held that Barnett had not shown actionable fraud. We affirmed. *Barnett v. Commonwealth*, No. 2021-CA-1452-MR, 2023 WL 1870899 (Ky. App. Feb. 10, 2023) (unpublished).

In June 2023, Barnett submitted the CR 60.02 motion at hand. The gist of the motion is Barnett's assertion that his conviction is void because the PSI

contains errors, such as whether Barnett's relationship with his mother was estranged and whether he served in the Job Corps. Barnett also again asserts he is entitled to relief due to the high caseload of his appointed counsel.

Later in 2023, the trial court denied Barnett's motion. The court concluded the motion was not brought within a reasonable time and Barnett had not shown an entitlement to CR 60.02 relief. After the trial court denied Barnett's motion to alter, amend, or vacate, he filed this appeal.

"It is within the sound discretion of the trial court whether to grant or deny relief pursuant to CR 60.02[,]" so our review is pursuant to the abuse of discretion standard. *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, we will affirm the lower court's decision unless there is a showing of some flagrant miscarriage of justice." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (internal quotation marks and citations omitted).

Here, we discern no abuse of discretion in the trial court's conclusion that Barnett did not submit his motion within a reasonable time, as required by CR 60.02. Of course, "there is no specific prescribed time within which claims made pursuant to CR 60.02(e) or (f) must be filed." *Priddy*, 629 S.W.3d at 18. But, without adequate explanation, Barnett waited over six years after his sentencing to

submit this second CR 60.02 motion. The trial court did not abuse its discretion in concluding this motion was not filed within a reasonable time. *See, e.g.*, *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) (four-year delay unreasonable); *Graves v. Commonwealth*, 283 S.W.3d 252, 257 (Ky. App. 2009) (seven-year delay unreasonable). As we affirmed the trial court's conclusion that Barnett's first CR 60.02 motion was untimely, the untimeliness of this second CR 60.02 motion – which is not based on newly discovered evidence – is readily apparent.

Barnett's motion is also procedurally improper because it contains allegations which he could, and should, have raised sooner. As our Supreme Court explained, "[a]t each stage . . . the defendant is required to raise all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at any later stage." *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010). Thus, "CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). For example, our Supreme Court has expressed a strong preference for ineffective assistance of counsel claims to be raised via RCr 11.42. *Furnish v. Commonwealth*, 95 S.W.3d 34, 52 (Ky. 2002) (holding that ineffective assistance of counsel claims "are not properly raised on direct appeal,

but rather must proceed by way of a post-trial motion under RCr 11.42"). Thus, Barnett's claims that his attorney was ineffective are procedurally improper.

Barnett has not shown that he was unable to raise the alleged errors in the PSI sooner, either in a motion brought under RCr 11.42 or in his first CR 60.02 motion. Barnett knew, or reasonably should have known, about any errors in the PSI long ago.

Additionally, Barnett's motion is fatally successive. "CR 60.02 does not permit successive post-judgment motions[.]" *Foley*, 425 S.W.3d at 884. Barnett has not shown why he could not have raised the issues in this motion in his first CR 60.02 motion. "[C]ourts are not required to entertain a second or successive motion for similar relief from the same prisoner." *Reado v. Commonwealth*, 408 S.W.2d 438, 438 (Ky. 1966). *See also*, *e.g.*, *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011) (declining to address arguments raised in a successive CR 60.02 motion because "[o]ur case law has long held that we will not consider successive motions to vacate a conviction when those motions recite grounds for relief that have been or should have been raised earlier"). Indeed, we have already affirmed the trial court's rejection of Barnett's claims about his counsel's caseload. *Barnett*, 2023 WL 1870899.

Finally, Barnett is not entitled to relief even if we leniently review his claims on the merits. The trial court gave Barnett, via counsel, the opportunity to

object to the PSI at sentencing.  Barnett has not explained adequately why he did not then inform the court of any errors in the PSI instead of remaining silent when counsel stated there were no errors Barnett wished to correct.

Moreover, Barnett simply has not shown how alleged errors in his PSI have caused him to suffer **_any_** specific prejudice.  The trial court sentenced Barnett to the term of imprisonment discussed in the plea agreement, so no potential error in the PSI negatively impacted Barnett's sentence.  Moreover, none of the alleged errors in the PSI Barnett mentions would negate his criminal conduct or invalidate either his guilty plea or sentence.  Finally, Barnett has not shown how any alleged errors in the PSI have negatively impacted the conditions of his imprisonment.

"[A] CR 60.02 movant must demonstrate why he is entitled to this special, extraordinary relief.  Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *McQueen*, 948 S.W.2d at 416 (internal quotation marks and citation omitted).  CR 60.02 "requires a very substantial showing to merit relief under its provisions." *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970).  Barnett has not made a satisfactory showing of an entitlement to CR 60.02 relief.  Therefore, the trial court did not abuse its discretion by denying Barnett's CR 60.02 motion without first holding an evidentiary hearing.

For the foregoing reasons, the Kenton Circuit Court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Alan Barnett, *pro se*          Russell Coleman
West Liberty, Kentucky       Attorney General of Kentucky

                                   Todd D. Ferguson
                                   Assistant Attorney General
                                   Frankfort, Kentucky