RENDERED:  APRIL 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1355-MR

MARVIN T. PENNINGTON                                           APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 95-CR-00086

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND CETRULO, JUDGES.

CALDWELL, JUDGE:  Marvin Pennington appeals from an order of the Fayette

Circuit Court denying his fourth and fifth CR[1] 60.02 motions for postconviction

relief.  We affirm.

---

[1] Kentucky Rules of Civil Procedure.

# FACTUAL AND PROCEDURAL HISTORY

In 1995, a jury found Pennington guilty of numerous offenses, including kidnapping and first-degree rape. The trial court sentenced Pennington to a total of 105 years in prison. Our Supreme Court affirmed on direct appeal.[2] *Pennington v. Commonwealth*, No. 95-SC-000537-MR (Ky. Sep. 3, 1998) (unpublished). Pennington sought postconviction relief pursuant to RCr[3] 11.42, but the trial court denied that motion and we affirmed. *Pennington v. Commonwealth*, Nos. 2001-CA-000965-MR and 2001-CA-001465-MR (Ky. App. Nov. 1, 2002) (unpublished).[4]

Many years later, Pennington filed his first CR 60.02 motion, which the trial court denied. While Pennington's appeal of that order was pending, he filed his second CR 60.02 motion. The trial court also denied that motion. We affirmed the denial of both motions. *Pennington v. Commonwealth*, Nos. 2017-CA-000495-MR and 2018-CA-001881-MR, 2020 WL 504963 (Ky. App. Jan. 31, 2020) (unpublished).

Pennington then filed his third CR 60.02 motion. The trial court ultimately granted him relief on that motion to the extent that it resentenced him to

---

[2] That unpublished opinion is not available on Westlaw, but a copy of it is in the record.

[3] Kentucky Rules of Criminal Procedure.

[4] That unpublished opinion also is not available on Westlaw, but a copy of it is in the record.

seventy-years' imprisonment, the statutory cap in KRS[5] 532.110(1)(c). Neither

Pennington nor the Commonwealth appealed that decision.

Pennington filed his fourth and fifth CR 60.02 motions in 2024. In his

fourth motion, he alleges the victim committed perjury because she incorrectly

testified at trial about the undergraduate degree she received. In his fifth motion,

Pennington contends his jury instructions were fatally flawed because they lacked

specific identifying information to distinguish between the multiple counts of

various offenses. The trial court denied both motions in one order without holding

a hearing. Pennington then filed this appeal.

### ANALYSIS

As our Supreme Court has explained:

> We review the denial of a CR 60.02 motion under
> an abuse of discretion standard. The test for abuse of
> discretion is whether the trial judge's decision was
> arbitrary, unreasonable, unfair, or unsupported by sound
> legal principles. Therefore, we will affirm the lower
> court's decision unless there is a showing of some
> flagrant miscarriage of justice.

*Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (internal quotation

marks and citations omitted).

"[A] CR 60.02(f) motion must be made 'within a reasonable time.'

*See* CR 60.02; *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). An

---

[5] Kentucky Revised Statutes.

evidentiary hearing is not required to assess the reasonable time restriction inherent in CR 60.02 motions because this determination is left to the discretion of the trial court." *Foley*, 425 S.W.3d at 884.

These CR 60.02 motions were filed roughly twenty-six years after our Supreme Court affirmed Pennington's convictions on direct appeal. CR 60.02(f) requires motions for relief to be brought within a reasonable time. The issues in the motions involve matters which occurred three decades ago at trial, so Pennington (despite his arguments to the contrary) reasonably could have raised them previously. We readily affirm the trial court's conclusion that Pennington is not entitled to relief because the motions were not brought within a reasonable time. *See, e.g.*, *Foley*, 425 S.W.3d at 884 (twenty-year delay unreasonable); *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) (four-year delay unreasonable); *Graves v. Commonwealth*, 283 S.W.3d 252, 257 (Ky. App. 2009) (seven-year delay unreasonable).

Briefly, these CR 60.02 motions are also fatally successive. Though the trial court did not expressly rely on that basis for denying them, we may affirm for any reason supported by the record. *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014). "CR 60.02 does not permit successive post-judgment motions[.]" *Foley*, 425 S.W.3d at 884. Pennington has not adequately shown why, by exercising reasonable diligence, he could not have

raised the issues in these motions in his prior motions. "The courts are not required to entertain a second or successive motion for similar relief from the same prisoner." *Reado v. Commonwealth*, 408 S.W.2d 438, 438 (Ky. 1966).

Finally, for Pennington's benefit we will briefly address three additional arguments. We have examined the parties' briefs but have concluded all other arguments in them are irrelevant, redundant, or otherwise without merit. *Schell v. Young*, 640 S.W.3d 24, 29 n.1 (Ky. App. 2021).

First, we reject Pennington's claim that he is entitled to relief because the trial court denied the fifth CR 60.02 motion without first having allowed the Department of Public Advocacy ("DPA") to assess whether it wished to represent Pennington in pursuing the claims therein. DPA had already asked to withdraw from representing Pennington in the fourth motion because DPA did not believe a reasonable person with adequate financial means would bring those claims at his or her own expense. *See* KRS 31.110(2)(c). The fifth CR 60.02 motion is plainly untimely and successive, and so Pennington cannot show a reasonable possibility that DPA would have concluded differently about representing him to pursue the claims in that motion than it had his fourth CR 60.02 motion.

Second, we reject Pennington's argument that the purported copy of the victim's academic transcript attached to his motion is newly discovered evidence of perjury which entitles him to relief. Perjury provides a proper basis for

CR 60.02 relief only if there is a showing that "a reasonable certainty exists as to the falsity of the testimony and that the conviction probably would not have resulted had the truth been known[.]" *Meece v. Commonwealth*, 529 S.W.3d 281, 286 (Ky. 2017). A discrepancy between what a victim testified to about her undergraduate major and what a transcript shows does not satisfy that stringent standard because the precise degree the victim received has no obvious relationship to Pennington's guilt or innocence of the charges for which he was convicted.

Finally, we reject Pennington's argument that he is entitled to palpable error relief under RCr 10.26. That rule provides that "[a] palpable error which affects the substantial rights of a party" may be considered by a court "even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." RCr 10.26 is a standard of review for unpreserved trial errors; it does not provide a proper basis for a person convicted of criminal offenses to obtain CR 60.02 relief. *See Stoker v. Commonwealth*, 289 S.W.3d 592, 598 (Ky. App. 2009).

## CONCLUSION

For the foregoing reasons, the Fayette Circuit Court is affirmed.

ALL CONCUR.

-6-

BRIEFS FOR APPELLANT:

Marvin T. Pennington, *Pro Se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky